Kelly M. RICKETTS et al *v.*
Eugene V. RICKETTS et al

78-155                                        576 S.W. 2d 932

Opinion delivered February 5, 1979
(In Banc)
[Rehearing denied March 12, 1979.]

*Northwest Arkansas Legal Services, Inc.,* by: *Marcia McIvor,*
for appellants.

*Davis, Douglas & Penix* and *G. H. Burke,* Regional Atty.,
Region I, for appellees.

FRANK HOLT, Justice. Appellants, 11 1/2 year old Kelly,
10 year old Laqueta, 9 year old Patricia, and 7 year old
Eugenia, are the four daughters of appellee Eugene Ricketts.
The appellants were the subjects of a dependency-neglect
proceeding in a *de novo* hearing in circuit court. That court
reversed the juvenile court's order of custody and directed
that the children be removed from their foster home and their
custody vested in appellee Ricketts. Subsequently, the court

denied appellants' motion to vacate and stay the order of custody. Appellants contend for reversal that (1) they were denied due process in that they had no notice, opportunity to be heard nor independent counsel, (2) our statutory requirements for notice, hearing and appointed counsel were not followed, and therefore (3) the circuit court's denial of appellants' motion to vacate was error.

Mr. Ricketts had received custody of his children in 1975 when he and their mother were divorced. A petition seeking emergency custody of appellants was filed in juvenile court by appellee Arkansas Social Services while appellants' father was incarcerated on a charge of DWI in April, 1976. Prior to that time, appellants had been voluntarily placed in foster care three times within five years as a result of appellee's marital problems with his wife, Alberta, who has since abandoned her family. On April 2, 1976, a hearing was held at which time Mr. Ricketts and Arkansas Social Services were present and each represented by counsel. The juvenile court ordered the proceedings recessed and that Mr. Ricketts undergo treatment for alcoholism at a local guidance center. The appellant children were ordered to remain in the custody of appellee Arkansas Social Services, with it having the right to place appellants in a suitable home or institution of their choice. It appears they were placed in a foster home. Mr. Ricketts was given the right to petition the court for return of the children's custody if and when he submitted to treatment and was pronounced cured of alcoholism. In Agusut, 1976, appellee Arkansas Social Services petitioned the juvenile court to have appellants declared dependent-neglected, pursuant to Ark. Stat. Ann. § 45-401 et seq. (Repl. 1977), alleging that Mr. Ricketts had refused to submit to treatment for alcoholism, had been incarcerated numerous times since the court's earlier order and had not demonstrated that he could properly care for his children. Permanent custody of them was sought with the right to place them in a home or institution of its choice. Their custody was granted to appellee Arkansas Social Services with the right to place them in suitable foster care and petition the probate court for guardianship with the right to consent to adoption. Appellants were again placed in a foster home. On appeal to the circuit court, Ricketts and the Arkansas Social Services appeared in person

and by separate attorneys with all agreeing that it was not in the best interest of the appellant children to be present. After presentation of evidence in a *de novo* hearing, the court, on March 1, 1978, notified counsel that the judgment of the juvenile court was reversed, that Arkansas Social Services' petition for permanent custody was denied and the appellant children were to be returned to their father, Mr. Ricketts. Appellants, upon learning that they were to be removed from the protective custody of their foster home, sought the aid of present counsel. Their counsel moved the court to vacate its judgment on the grounds that appellants had no guardian *ad litem* or other representative appointed or appearing for them in the action and neither had they been heard by the court. They asked to be allowed to respond, for representation of their legal interest, to be heard and to adduce proof. Appellants, Kelly, age 11 1/2, Laqueta, age 10, and Patricia, age 9, filed affidavits citing occasions, when they were in their father's custody, of physical abuse, drunkenness, and neglect, improper conduct in their home by their father and his friends and expressions of fear of him. The court denied the motion to vacate and stay the judgment and found that the appellants' interests, although they were not present nor represented by counsel, were sufficiently represented by appellee Arkansas Social Services. Hence this appeal.

In summary appellants argue that the adjudication of their rights without notice to them and an opportunity to be heard or represented by independent counsel was a denial of due process. Numerous cases are cited. Principal authorities relied on are: *In re Gault*, 387 U.S. 1 (1967); *Roe* v. *Conn*, 417 F. Supp. 769 (M.D. Ala. 1976); Ark. Stat. Ann. §§ 45-413, 45-425 and 45-427. It is argued that *Gault*, although a delinquency proceeding, and *Roe*, a neglect proceeding, are applicable in this dependency-neglect proceeding. Also, the appellant children, who were named in the custody petition, were not notified of the proceedings as required by §§ 45-423, 45-425, 45-427, and 45-428. Appellees respond that the cited cases and our statutes are not applicable to a dependency-neglect proceeding as here. Further, the children were adequately represented on the *parens patriae* theory; namely, the Arkansas Social Services, a state agency and its attorney, whose interests were in common and not adverse to those of the

appellant children. In the circumstances, we do not reach these respective contentions. Suffice it to say, in view of the ages of the children and their affidavits, we hold that the judgment should be reversed and the cause remanded in order to accord them an opportunity to be present and heard with counsel upon their intervention. By this procedure, all constitutional requirements as asserted by appellants will be fully met. See *State ex rel. Juv. Dept. of Multnomah Cty.* v. *Wade,* O. App., 527 P. 2d 753 (1974); 9 U.L.A., Uniform Juvenile Court Act, § 26 (a) at p. 422, adopted by the National Conference on Uniform State Law and the American Bar Assn. in 1968; and cf. *Vilas* v. *Vilas,* 184 Ark. 352, 42 S.W. 2d 379 (1931).

The issue as to the consent to adoption between the Social Services and Mr. Ricketts, the father, is deemed concluded since it does not appeal. The court, however, following a hearing on appellants' intervention, is not precluded from making such disposition of their custody as is deemed appropriate and beneficial for the children.

Reversed and remanded.