1998 OK CIV APP 141

**In the Matter of JM, SF and JA, alleged deprived children.**

**Calvin MARTIN and Theresa Fulton Martin, Appellants,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. 91053.**

Court of Civil Appeals of Oklahoma, Division 3.

Aug. 31, 1998.

Edward Frock, Eric R. Jones, Ardmore, for Appellants.

Gary L. Henry, District Attorney, Ardmore, for Appellee.

Gregory L. Johnson, Guardian Ad Litem for children, Ardmore, Pro Se.

## OPINION

HANSEN Judge:

¶1 In October of 1996, the State of Oklahoma filed a petition alleging the three children who are the subject of this juvenile action were deprived because their mother had "intentionally struck JM in the face, 3 or 4 times." She pleaded guilty to a felony charge arising out of that incident. As a result, the trial court adjudicated the children as deprived and placed their custody with the Department of Human Services. On January 29, 1997, the court issued an order of disposition and a treatment plan.

¶2 On October 30, 1997, State filed a petition to terminate the parental rights of the three children's mother, Teresa, and Calvin Martin's parental rights to JM and SF. State also sought to terminate Royce Fulton's right's to his child, JA. The record for the period between adjudication and State's petition to terminate contains many reports and recommendations regarding custody and treatment reflecting attempts on the part of State to help the Martins correct their behavior. However, in its petition to terminate, State submits as a basis for termination that the Martins had not complied with the order of disposition, had failed to correct the conditions which caused the children to become deprived, and had failed to provide any support for the children for a period in excess of one year.

¶3 On the 4th and 5th days of February, 1998, the case was tried to a jury. The jury found it was in the best interests of the children that Fulton and the Martins' parental rights should be terminated. The trial court then entered judgment terminating their rights. The Martins appeal.[1]

¶4 The Martins first claim there was insufficient evidence upon which the jury

could find by clear and convincing evidence that their rights should be terminated. Review of the court's instructions to the jury reflect a full and clear explanation of its duties. The Martins claim no error in these instructions. In *Matter of K.L.H.*, 1993 OK CIV APP 127, 858 P.2d 1296, the Court addressed the appellant's claim there was insufficient evidence upon which the jury could have predicated termination of parental rights by clear and convincing evidence. The Court held where there is any competent evidence reasonably tending to support the verdict, it is conclusive and will not be disturbed on appeal. As in *K.L.H.*, there was evidence presented at trial that the parents had not complied with the treatment plan. But more important, the evidence was clear the Martins had not corrected the conditions leading up to adjudication of the children as deprived. Even though she did undergo extensive counseling, Mrs. Martin was still having fits of anger when dealing with pressure. She seemed unable to deal with DHS personnel in a reasonable manner. Mr. Martin was not helping matters by allowing the children to be with Mrs. Martin without supervision. He was also lax in paying the court ordered child support. He made only one small payment in the seven months.

¶5 The case workers with DHS, who had dealt with the Martins, also testified the situation had not improved. In fact they felt it had somewhat deteriorated.

¶6 The Martins further argued the court erred in admitting evidence of Mrs. Martin's character. State entered into evidence certain audio tapes containing veiled threats by Mrs. Martin. It also introduced evidence of her conviction for child abuse. The Martins claim this violates 12 O.S.1991 § 2404 and is highly prejudicial, outweighing any probative value it might have. We do not agree. The tape was introduced to show the jury Mrs. Martin had not corrected her inability to control her anger. The conviction was relevant and was first mentioned by counsel for Mr. Martin who questioned him about Mrs. Martin's criminal conviction. The relevance and admissibility of evidence are

1. Royce Fulton, father of JA, did not appear for trial and is not a party to this appeal.

matters entrusted to the sound legal discretion of the trial court. *Manning v. State ex. rel. DPS,* 1994 OK CIV APP 128, 887 P.2d 1377. In a termination action, the very essence of which is the parent's ability to provide a safe home for the child, the issues presented by the tape and Mrs. Martin's conviction are of the utmost relevance. The trial court did not err in the admission of this evidence.

¶7 The Martins further argue evidence of Mr. Martin's failure to pay the court ordered child support should not have been admitted in evidence. However, the trial court in the disposition order required Mr. Martin to pay child support. Whether a parent has complied with a treatment plan or disposition order is one of the elements of an action to terminate parental rights. *Matter of J.M.,* 1993 OK CIV APP 121, 858 P.2d 118. Admission of this evidence was not error.

¶8 The Martins last complain the trial court erred in allowing the guardian ad litem to become a "special prosecutor," thus creating another advocate for State's position. Previously, in the case of *In re T.M.H.,* 1980 OK 92, 613 P.2d 468, the Oklahoma Supreme Court recognized the potential three way conflict in termination cases required that the child must always have independent counsel in termination proceedings. In this case, the trial court appointed a guardian ad litem to act as counsel for the children. Counsel must of necessity act on behalf of the children. If that position coincides with that of State, so be it. Such position could certainly in other cases coincide with that of the parent or parents. As the advocate of the children, the guardian had every right to call witnesses and present argument. There is no evidence the guardian acted as a "special prosecutor."

¶9 The trial court's judgment entered on the jury verdict is supported by competent evidence.

AFFIRMED.

ADAMS, J., and BUETTNER, P.J., concur.

