613 P.2d 468 (1980)
In the Matter of T. M. H., a child under 18 years of age, To-wit: 5 years.
No. 50801.
Supreme Court of Oklahoma.
June 17, 1980.
Donald E. Hammer, Tulsa, for appellee.
Charles R. Hogshead, Legal Services of Eastern Oklahoma, Inc., Tulsa, for appellants.
*469 DOOLIN, Justice:
We are called upon today to decide a question arising from an order of the trial court terminating appellants' parental rights to their minor child, Teresa M. We find the court's denial of appointment of counsel to represent child to be the first grounds for reversal.
The trial court terminated the parental rights of mother and father in January of 1977. They appeal to this court and have preserved this question for review.
Appellants filed a motion to appoint independent counsel to represent Teresa. It was denied. Should a trial court appoint independent counsel to represent a minor in a proceeding under 10 O.S. § 1101 et seq. if the interests of two or more parties conflict? We answer this question in the affirmative and thus reverse and remand for new trial.
10 O.S. 1971 § 1109(b) in effect at the time of this hearing provided:
"(b) If the child or his parents, guardian, or other legal custodian requests an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if the child is being proceeded against as a delinquent child, or a child in need of supervision, or if termination of parental rights is a possible remedy, provided that the court may appoint counsel without such request, if it deems representation by counsel necessary to protect the interest of the child or of other parties." (Emphasis supplied).
This provision makes mandatory the appointment of counsel if an indigent so requests. For this reason alone this cause must be reversed as such a request was duly made. If there is no request for independent counsel to represent child this statute seemingly makes the decision discretionary with the trial court. In October of 1977, this section was amended making appointment of independent counsel to represent the involved child mandatory upon a finding that it is necessary to protect the interests of the child.[1] 10 O.S. 1971 § 24 also *470 provided for appointment of counsel and compensation where counsel is requested:
"(a) When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian, provided that in all counties having Public Defenders, said Public Defenders shall assume the duties of representation in proceedings such as above.
(b) In all cases other than in counties where Public Defenders are appointed, the court shall, where counsel is appointed and assigned allow and direct to be paid by the county in which the proceedings or trial is held, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys for such services as they may render. Provided, that such attorney shall not be paid a sum to exceed One Hundred Dollars ($100.00) for services rendered in preliminary proceedings, and such compensation shall not exceed Two Hundred Fifty Dollars ($250.00) for services rendered during trial." (Emphasis supplied).
The policy favoring independent counsel for a minor is in conformity with the Uniform Juvenile Court Act adopted by the American Bar Association in 1968, which provides in Rule 26(a) for separate counsel in juvenile proceedings if the interest of two or more parties conflict. In a termination proceeding, if a child is not represented by independent counsel, each attorney presents his arguments from the viewpoint of his client, with the child caught in the middle. Beneath each side's argument in terms of the best interests of the child, lies the desire to prevail for a client, who is not the child. When the court appoints an attorney for the child, testimony is presented and cross-examination done by an advocate who is only interested in the welfare of the child.[2]
The matter of independent representation by counsel, so that a child may have his own attorney when his welfare is at stake, is the most significant and practical reform that can be made in the area of children and the law. The rights and sometimes the interests of children are frequently jeopardized in court proceedings because the best interests of a child are determined without resort to an independent advocate for the child. Courts may fail to perceive children will be affected by the outcome of the litigation, or that potential conflicts between the interests of the children and the interests of other parties require that the child have separate counsel. Too often the judge assumes the child's interests are adequately protected by DHS.[3] This position is undermined when, as here, DHS is challenged and as such it becomes an interested party, the source of the inquiry.
We are convinced that in all termination proceedings there are potential conflicts between the interests of the children and those of both the state and the parents as contemplated by §§ 1109 and 24 which are general statutes not necessarily covering *471 only termination. Thus we hold under the above quoted statutes, independent counsel must be appointed to represent the children if termination of parental rights is sought.[4]
In the Matter of Chad S., 580 P.2d 983 (Okl. 1978), we held "The fundamental nature of parental rights requires that the full panoply of procedural safeguards must be applied to child deprivation hearings." In the petition filed in the case before us, seeking to have T.M.H. adjudged a "dependent or neglected child," the Petitioner alleged "the parents of T.M.H. are not capable physiologically or psychologically of caring for and rearing the girl." The findings and recommendations of the Court Referee, confirmed by and made a part of the court order, merely recite that the petition is true and the child is a dependent and neglected child  there was no indication of any of the conditions which T.M.H.'s parents needed to correct.
In the subsequent motion to terminate parental rights, the Petitioner alleges the parents were unfit to have custody of their minor child by reason of conduct that is detrimental to the physical and mental health and morals of their child, and the parents failed to show the conditions had been corrected. The petition also alleges that the parents, except belatedly, failed to take any action to correct the psychological and physiological problems that caused the child to be a dependent and neglected child in the first instance. It is not surprising that the parents may not have taken adequate steps to change the conditions which resulted in their child being declared dependent and neglected, as the court never apprised the parents of the conditions. We hold the failure of the court to give the parents adequate notice of the conditions which needed to be corrected, followed by an attempt to terminate their parental rights based on the failure to change the conditions, was a denial of due process. In so holding, we rule that in order to protect the procedural due process rights of parents in proceedings such as the one before us, it is necessary that Referees and/or Trial Judges adequately apprise parents of the conditions which resulted in their child being declared dependent or neglected, in order that they may be aware of the conditions which need to be altered. Specifically, courts are required to make written findings of the conditions resulting in the child's being adjudged dependent and neglected. The trial court's failure to adequately apprise the parents of those conditions in the case before us constitutes separate grounds for reversing the trial court's order. See Matter of Baby Girl Williams, 602 P.2d 1036 (Okl. 1979).
Having found the trial court erred in (1) refusing to appoint independent counsel to represent the child in this matter, and (2) in failing to adequately apprise the parents of the conditions which needed to be corrected in order to avoid termination of their parental rights, we reverse the action by the trial court, and remand the action with instructions to the court to apprise the parents of the conditions which needed to be corrected, and, if needed, to conduct a hearing at a later date in order to determine whether such conditions have been corrected.
As the issues discussed above dispose of the matter before us, we find it necessary to address other issues raised by Appellant. Because we have not heretofore required courts to appoint counsel to represent children in all termination proceedings, our ruling today will be prospective in effect  affecting only those cases heard after the effective date of this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WILLIAMS, BARNES, SIMMS and HARGRAVE, JJ., concur.
LAVENDER, C.J., IRWIN, V.C.J., and HODGES and OPALA, JJ., dissent.
*472 OPALA, Justice, dissenting:
Finding potential conflicts do exist between the interests of parents and children in § 1130[1] proceedings for termination of parental rights, the court holds today that separate counsel must represent the children in every case brought under that section. I must recede from the court's sweeping pronouncement of a per se rule of separate representation.
After today's ruling parents and children affected by § 1130 proceedings must, if indigent, be provided with separate counsel, although their claim to a state-paid lawyer derives not from our fundamental law  state or federal  but from the statutes whose terms do not so require.[2] Neither the VIth Amendment's assistance-of-counsel clause nor its state counterpart[3] extends the right to counsel beyond "criminal prosecutions". The protected category  too narrow in meaning to encompass, by judicial construction, contests over parental rights  does, however, include "delinquency" charges[4] as the only class of proceedings associated with the so-called "juvenile" process.
The per se rule of separate representation is clearly lacking a firm constitutional underpinning. The plain language of the pertinent statutes under construction here[5] affords absolutely no warrant for rejecting discretion  the legislatively intended gauge that is not constitutionally inhibited  to as-certain, in each case, whether the risk of prejudice to be assumed by children sharing joint representation with their parents is legally impermissible because, while right to counsel might not be at stake, offense could nonetheless be dealt to the minimum standards of due process.
Even when the constitutional right to counsel does apply, the per se rule is not followed. The VIth Amendment's assistance-of-counsel guarantee entitles every criminal accused to a lawyer who is untrammeled by the conflicting interests of another defendant in the case.[6] Joint representation by a single lawyer of multiple defendants is not per se violative of the constitutional right to counsel.[7] When several defendants appear in a criminal prosecution with the same lawyer, the trial judge may be called upon to gauge the degree of risk likely to be posed to the right of each to receive the services of a lawyer whose actions will not be impaired by conflicting loyalties. So declares federal constitutional case law.
While preservation of parental bond and of a wholesome family milieu for all underage offspring are rightly to be regarded as protected societal values of great moment, they should not be judicially elevated for placement under a rubric that commands greater procedural safeguards than life or liberty itself. There is no justification, in my view, for fashioning in § 1130 proceedings a per se rule of separate representation which is far more protective than that applicable to conflicts among co-defendants in criminal prosecutions. We must not forget that in divorce-generated custodial battles of today  where the potential of parental conflict with the interests of children is equally great  the child's right to appear as an interested party and to be represented by counsel still goes unrecognized. Our sudden largesse for § 1130 cases has absolutely no parallel in any cognate process of civil law.
*473 I would follow the VIth Amendment rule of federal case law and give obedience to our own statutory enactments.[8] In short, I would allow the trial judge to ascertain, in each instance, whether the risk of prejudice from potential conflict  in the due process sense  is too great to forego separate counsel.
I am authorized to state that LAVENDER, C.J., IRWIN, V.C.J., and HODGES, J., concur in my views.
NOTES
[1] 10 O.S. 1978 Supp. § 1109 provides:

"(a) No information gained by questioning a child nor any evidence subsequently obtained as a result of such information shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer or investigative agency, or employee of the court, or the Department is done in the presence of said child's parents, guardian, attorney, or the legal custodian of the child, and not until the child and his parents, or guardian, or other legal custodian shall be fully advised of their constitutional and legal rights, including the right to be represented by counsel at every stage of the proceedings, and the right to have counsel appointed by the court if the parties are without sufficient financial means; provided, however, that no legal aid or other public or charitable legal service shall make claim for compensation as contemplated herein. It is further provided that where private counsel is appointed in such cases, the court shall set reasonable compensation and order the payment thereof out of the court fund.
(b) If the child's parents, guardian, or other legal custodian requests an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if the child is being proceeded against as a deprived child, or a child in need of supervision, or if termination of parental rights is a possible remedy, provided that the court may appoint counsel without such request, if it deems representation by counsel necessary to protect the interest of the parents, guardian or other legal custodian. Where necessary to protect the interests of the child the court shall appoint a separate attorney for the child regardless of any attempted waiver by the parent or other legal custodian of the child of the child's right to be represented by counsel... ." (Emphasis supplied).
[2] See Matter of Fish, 569 P.2d 924 (Mont. 1977); Price v. Price, 573 P.2d 251 (Okl. 1978) specially concurring opinion.
[3] Department of Human Services.
[4] Doe v. Department of Human Services, Division of Youth and Family Services, 398 A.2d 562, 165 N.J. Super. 395 (1979). Also see Ricketts v. Ricketts, 576 S.W.2d 932 (Tex. 1979); dissent by Simms, J. in J.V. v. State, Department of Institutions, Social and Rehabilitative Services, 572 P.2d 1283 (Okl. 1978); Specially concurring opinion by Doolin, J. in Price v. Price, 573 P.2d 251 (Okl. 1978).
[1] 10 O.S.Supp. 1979 § 1130.
[2] 10 O.S. 1971 § 24 and 10 O.S.Supp. 1979 § 1109(b). In pertinent part § 1109(b) provides: "* * * Where necessary to protect the interests of the child the court shall appoint a separate attorney for the child regardless of any attempted waiver by the parent or other legal custodian of the child of the child's right to be represented by counsel. * * *"
[3] Art. 11 § 20, Okl.Con.
[4] In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 [1967].
[5] See supra note 2.
[6] Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 [1942].
[7] Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 [1978].
[8] 10 O.S. 1971 § 24 and 10 O.S.Supp. 1979 § 1109(b).