**In the Matter of CHRISTOPHER W., an Alleged Deprived Child.**

No. 52360.

Supreme Court of Oklahoma.

Dec. 9, 1980.

Rehearing Denied April 27, 1981.

---

11.  *Oklahoma Operating Company v. State Dry Cleaners Board,* 306 P.2d 295 (Okl.1957).

Hall, Estill, Hardwick, Gable, Collingsworth & Nelson by Fred C. Cornish, Craig Schmidt, Legal Intern, Tulsa, for appellants.

Berringer, Briggs, Patterson, Eaton & Berg by Dale J. Briggs, Tulsa, for appellee.

BARNES, Justice:

In the winter of 1978, the paternal grandparents of Christopher W. were instrumental in initiating a petition in the District Court of Tulsa County seeking the termination of parental rights of Christopher's parents. Eventually, the petition was amended from an action to terminate parental rights to one alleging that Christopher was a deprived child under the provisions of 10 O.S.Supp.1979 § 1101(d).

As the cause progressed, the trial court found that a conflict of interest existed between Christopher and his parents and therefore appointed separate counsel to represent Christopher. The cause proceeded and was tried to a jury, which found that Christopher was not a deprived child. Subsequently, the court held a hearing to consider the awarding of costs, attorney fees, and expert witness fees. At the conclusion of that hearing, the court awarded the attorney it had appointed to represent Christopher a fee of $3,855.75, ordering that Christopher's parents pay the sum of $1,200.00 and that Christopher's grandparents pay the balance of $2,655.75, and also pay the professional witness fees of two doctors who testified in the matter.

Christopher's parents appealed from that portion of the trial court's order which required them to pay $1,200.00 of the attorney fees. Christopher's grandparents, however, have not appealed and the judgment against them has now become final.

Additionally, Christopher, acting through his attorney, originally appealed from the trial court's ruling that he was not deprived, but on motion of Christopher's parents, and acquiescence by his attorney, that separate appeal has, by separate order, been dismissed.

Thus, the only issue before us is whether the trial court erred in requiring Christopher's parents to pay attorney fees to the attorney appointed by the court to represent Christopher.

In asserting that the trial court's order requiring them to pay these attorney fees was an error, Christopher's parents make several different attacks upon the award. It is, however, only necessary to consider one of these, as it is dispositive of the issue before us. Christopher's parents assert that the trial court was without authority to

order them to pay a portion of the fees for services rendered when 10 O.S. § 24(b) provides for payment out of the court fund. We agree.

In arguing that the attorney fee aware was authorized, Appellee relies upon the provisions of 10 O.S.Supp.1979 § 1109 and 10 O.S.1971 § 1121.

The specific portion of 10 O.S. § 1121, upon which Appellee relies, provides as follows:

"(a) In any hearing concerning the status of a child, the court shall have authority to adjudge natural parents, who may be present at the hearing, or who have been served with notice of the hearing, *liable and accountable for the care and maintenance of any child or children, and to order the payment of funds for the care and maintenance of the child*; ...." [Emphasis added]

■ Appellee concludes that the words "care and maintenance" in the above quoted section include all necessities relating to the maintenance, protection and education of the child, and that such includes legal representation of the child.[1] Although we believe the term "care and maintenance" relates to all maintenance, protection and education of the child, we do not believe that phrase, as used in 10 O.S. § 1121, is meant to include legal representation of a child in hearings concerning the status of the child. Rather, we find it was the intent of the Legislature that in cases in which it is necessary for children to be represented in termination proceedings, and in proceedings to have a child declared dependent or neglected, that the State be responsible for assuring that the child is adequately legally represented.

Section 1109 of Title 10 provides in pertinent part that:

"(b) If the child's parents, guardian, or other legal custodian requests an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if the child is being proceeded against as a deprived child, or a child in need of supervision, or if termination of parental rights is a possible remedy, provided that the court may appoint counsel without such request, if it deems representation by counsel necessary to protect the interest of the parents, guardian or other legal custodian. Where necessary to protect the interests of the child the court shall appoint a separate attorney for the child regardless of any attempted waiver by the parent or other legal custodian of the child of the child's right to be represented by counsel...."

■ In examining the above quoted portion of Section 1109, we would first note that the statute deals with the appointment of attorneys for two separate classes. The first class is that of the parents, guardians or other legal custodians. The second class is for the appointment of counsel for children. In addressing the appointment of counsel for children, the Legislature makes no requirement that the child and/or his parents be indigent, in order for counsel to be appointed. Additionally, no request for counsel need be made. Rather, the appointment of separate counsel for the child can be made when it is necessary to protect the interests of the child.[2] Thus, although the appointment of an attorney to represent the parents, guardian or legal custodian is related to the financial ability of the parents, guardian or legal custodian, the appointment of counsel to represent the child is not. Appellee would have us believe that because the provisions for appointing an

1. Attorney General Larry Derryberry came to the same conclusion in an official opinion issued by his office, Attorney General Opinion No. 71–407.

2. *In the Matter of T. M. H.*, 613 P.2d 468 (Okl. 1980), we held that in all termination proceed-

ings there are potential conflicts between the interests of the children and those of both the State and the parents. Accordingly, we ruled that independent counsel must be appointed to represent the children in all cases in which termination of parental rights is sought.

attorney for parents, guardians and legal custodians and appointment of attorneys for children are both contained in subsection (b) of Section 1109, that the language dealing with the financial ability of parents, guardians and legal custodians is applicable to the appointment of counsel for the child as well. We see no merit to this contention, as a careful reading of the section makes it clear that the conditions for financial responsibility are only imposed when counsel has to be appointed to represent parents, guardians or custodians.

Although Section 1109 provides for the appointment of counsel for children, it is silent as to who pays for such services. This question is, however, answered specifically in the general provisions of Title 10 in Chapter 1 of that title, at Section 24. Title 10 O.S.1971 § 24 provides in part:

"(a) ... In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian, provided that *in all counties having Public Defenders, said Public Defenders shall assume the duties of representation in proceedings such as above.*

"(b) In all cases other than in counties where Public Defenders are appointed, *the court shall,* where counsel is appointed and assigned *allow and direct to be paid by the county in which the proceedings or trial is held, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys for such services as they may render.* Provided, that such attorney shall not be paid a sum to exceed One Hundred Dollars ($100.00) for services rendered in preliminary proceedings, and such compensation shall not exceed Two Hundred Fifty Dollars ($250.00) for services rendered during trial." [Emphasis added]

From a consideration of the above quoted statute, we held that when the court appoints counsel to represent a child because of a conflict of interest between his parents and guardian, the court is to direct that the county (in which the proceedings or trial is held) is to compensate the attorney out of that county's court fund, if that county does not have a Public Defender available. In counties in which a Public Defender is available, the Public Defender's office is to provide such services.

Thus, parents or other litigants are not responsible for paying for the services of an attorney appointed because of a conflict of interest between parent and child. Accordingly, the trial court erred in requiring Christopher's parents to pay for the services of the appointed counsel. Therefore, we reverse that portion of the trial court's order.

PORTION OF THE TRIAL COURT'S ORDER APPEALED FROM REVERSED.

HODGES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS and OPALA, JJ., dissent.