856 P.2d 286 (1993)
In the Matter of the GUARDIANSHIP OF S.A.W.
Eric WINBIGLER and Deborah Winbigler, Appellants,
v.
Joan TORRES, Appellee.
No. 74,938.
Supreme Court of Oklahoma.
July 6, 1993.
Steven A. Novick, Gary A. Taylor, Legal Aid of Western Oklahoma, Oklahoma City, OK, for appellants.
Edward Goldman, Robert M. Goldman, Oklahoma City, OK, for appellee.
*287 ALMA WILSON, Justice:
The question before this Court is whether the trial court erred in terminating the parental rights of the appellants. We have previously granted certiorari to determine whether independent counsel should have been appointed for the minor child. We conclude that the minor child was entitled to be represented by independent counsel. Because the appellants did not preserve other issues presented in its brief in chief, we address only the issue tendered in the petition for certiorari, and do not express an opinion on the remainder of the issues.[1]
A review of the evidence reveals the facts that follow. S.A.W., born December 22, 1985, is the daughter of the appellants, Eric Winbigler and Deborah McCallum, a/k/a Deborah Winbigler.[2] The appellants have a younger son, who lives with them. Since March 4, 1988, S.A.W. has continuously resided with the appellee, Joan Torres, sister of Winbigler, and her husband, Juan Torres, Jr. Letters of guardianship of S.A.W. were issued to appellee on March 21, 1988. Within three months of the issuance of those letters of guardianship, the appellants moved to terminate the guardianship.[3] The motion was denied on July 18, 1988. The denial was affirmed by the Court of Appeals, and mandate issued October 2, 1989.[4]
Within two months of the mandate, the appellee filed a petition to terminate the parental rights of the appellants, and declare S.A.W. eligible for adoption without the consent of the natural parents.[5] The sole reason for termination was failure of the appellants to provide support for a period of twelve months preceding the filing of the petition. The guardianship court has not entered any orders for the payment of child support and appellee does not allege otherwise. Because there was no order specifying an amount to be paid by the appellants to the appellee, the petition to terminate alleges failure of the appellants to support consistent with their means and earning capacity.[6]
*288 Hearing was scheduled for January 8, 1990. The appellants appeared without counsel and informed the court that they were indigent. Consequently, the trial court appointed the public defender to represent the appellants and reset the hearing to January 10, 1990. The testimony concerning the financial condition of the appellants was unclear. The testimony revealed that for a portion of 1988, they worked for their landlord in exchange for rent and food. There was no evidence of steady income during the period from March, 1988, to November, 1989. Both appellants testified that during 1990 they were employed in the towing business, although their incomes were subject to expenses for their tow trucks.
The appellants testified they sent Christmas and birthday gifts in 1988, and brought gifts to Oklahoma for Christmas and birthday in 1989. Ms. McCallum made phone calls to the appellee and spoke with her daughter. She sent about eight letters, but the appellee testified that she neither read the letters to S.A.W., nor told her about them. The appellee testified that S.A.W. calls the appellee, her mother and Mr. Torres, her father. She further testified that she had not requested child support.[7]
After hearing the evidence, the trial judge pronounced her judgment. She referred to the evidence in the previous guardianship case, and made the following statement:
I think the law is very clear that whether there has been an order for the payment of Child Support, if it can be shown that the parents could, in any way, pay any amount of support and if they failed to make any payments towards support as these parents have failed to do, other than the purchase of `birthday and Christmas gifts' that were sent in nineteen eighty-eight (1988), that the Court must, if it can be shown in any way that they could have sent any amount, terminate their parental rights if it's in the best interest of the child.
This child has now been out of their home for almost two (2) years. I don't have to rely on Mrs. Torres' testimony that the child does not know her parents, does not know who they are, or even who she's talking to when they call, or when she calls them, and I can't believe that it would be in the best interest of the child at this time to return the custody of the child to the parents and I do believe it would be in the best interest of the child for their parental rights to be terminated, and for an adoption proceeding to be had without their consent. And that is the Order of the Court.
Transcript of Hearing, January 10, 1990, pp. 108-109.[8]
In their petition for certiorari the appellants argue that independent counsel should have been appointed to protect the interest of S.A.W. in the proceedings to terminate parental rights. They correctly observe that a termination of parental rights has profound implications upon the rights of the child as well as the parents. Siblings may even lose contact with each other. S.A.W., as noted above, has a younger brother. The appellee answers that the child's interests are protected by the appellee because an action to terminate parental rights for wilful failure to support is actually brought for the benefit of the child; that the legal contest is not between the guardian and the parents, but between the child and the non-supporting parents.
In Matter of Chad S., 580 P.2d 983 (Okla. 1978), a mother's parental rights to her daughter had been terminated at a hearing in which she was neither represented by counsel, nor advised of any right to court-appointed counsel. In reversing and remanding the matter, this Court held that *289 the mother had a constitutional right to assistance of counsel, and that counsel must be appointed for indigent parents unless knowingly and intelligently waived. This Court found an obligation to advise parents of that right. "Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon request." Chad S., 580 P.2d at 986. The relationship of parents to their children is a fundamental, constitutionally-protected right. Chad S., 580 P.2d at 986. In that case, the Court also noted that Oklahoma has statutory authority for counsel to be appointed for indigent parties to a termination proceeding.[9] If a parent has a right to be represented in a case involving termination of parental rights, the child, whose own rights are in jeopardy of being terminated, has equal interests at stake and must also be represented. The issue is whether that child must have separate counsel to preserve the child's constitutional rights.
Two years after Chad S., this Court handed down Matter of T.M.H., 613 P.2d 468 (Okla. 1980). In that case, the state petitioned to terminate the parental rights of the mother and father of Teresa M. The parents filed a motion to appoint independent counsel to represent their five-year-old daughter, but the motion was denied by the trial court. On appeal, this Court, as in Chad S., cited 10 O.S. 1971, §§ 24(a) and 1109(b), and held that these statutes made appointment of counsel mandatory if an indigent so requested counsel. This Court then went on to consider what must be done if no request for counsel was made on behalf of the child.
The Court reasoned that in a termination proceeding, if a child is not represented by independent counsel, the child is caught in the middle while each attorney argues from his client's viewpoint. Although each side phrases arguments in terms of the child's best interests, each attorney desires to prevail for his client, who is not the child. But when the trial court appoints an attorney for the child, testimony is presented and cross-examination is done by an advocate whose only interest is the welfare of the child. After stating that trial judges too often assume the interests of the child are adequately protected by the Department of Human Services, this Court held that under 10 O.S. 1971, §§ 24 and 1109, independent counsel must be appointed to represent the children if termination of parental rights is sought. T.M.H., 613 P.2d at 471. The new rule was given prospective application.
Matter of Christopher W., 626 P.2d 1320 (Okla. 1980), cited T.M.H., and noted its holding in footnote 1. The issue in Christopher W. was which party would pay the attorney fees of the child. This Court held *290 that parents or other litigants are not responsible for the child's attorney fees and reasoned that 10 O.S. 1971, § 24 requires the child's attorney to be paid out of the court fund, or be represented by the Public Defender in counties that have Public Defenders. Christopher W., 626 P.2d at 1323.
Davis v. Davis, 708 P.2d 1102, 1113 (Okla. 1985), held that 10 O.S. 1981, § 1130 was available only for state initiated cases, and not invocable in a private suit by the custodial parent who seeks termination of parental rights of the noncustodial parent. But in 1986, the legislature added subsection D to § 1130, allowing such a private suit.[10]
We can see no rational reason to hold that in state initiated termination cases, the child is entitled to an attorney, while in privately initiated termination cases based on the same statute, § 1130, the child is not entitled to an attorney. The state would seem to be more likely to remain neutral in a dispute than a private party who has a private interest in termination of parental rights. A respondent parent has an equally partisan interest in maintaining parental rights.
In applying this rule to the facts of the case it is clear how requiring that S.A.W. be represented by independent counsel could work for her benefit. When the trial court pronounced judgment, the court's concerns were the failure of the parents to make any payment, other than gifts, in the year prior to the filing of the petition to terminate parental rights. Although the trial judge states that she believed that termination of parental rights were in the best interest of the child, there was no independent counsel arguing the child's best interests. The presentation of evidence concentrated on the financial status of the parents, and that evidence was confusing. Independent counsel may have chosen to try to clarify that testimony. Such counsel, although having no objection to the continuation of the guardianship, may have presented evidence that the child's best interests were to maintain parental ties.[11] Whatever such counsel may have chosen to argue is speculative, because S.A.W. had no such advocate. We therefore expand the holding of T.M.H. to include privately initiated petitions for termination of parental rights.
Because S.A.W. was entitled to independent counsel but was not appointed one, we VACATE the decision of the Court of Appeals, and REVERSE and REMAND the judgment of the trial court for disposition of the matter in a manner consistent with the views expressed herein.
LAVENDER, V.C.J., and SIMMS, SUMMERS and WATT, JJ., concur.
KAUGER, J., concurs in result.
HODGES, C.J., and HARGRAVE, J., dissent.
NOTES
[1] Johnson v. Wade, 642 P.2d 255, 258 (Okla. 1982).
[2] Apparently, the appellants are not married. The transcript of the court hearing of January 10, 1990, reveals that the parties had claimed a common-law marriage at an earlier hearing, but they are residents of California, which does not recognize such a marriage. Elden v. Sheldon, 46 Cal.3d 267, 758 P.2d 582, 587, 250 Cal. Rptr. 254, 259 (1988); Norman v. Norman, 121 Cal. 620, 54 P. 143, 146 (1898). The trial judge concluded that they were not married.
[3] The motion was filed June 6, 1988.
[4] The opinion of the Court of Appeals, case number 71,547, filed August 29, 1989, was not for publication.
[5] The petition was filed November 29, 1989.
[6] 10 O.S. 1991, § 1130(A)(4) provides:

"(A) The finding that a child is delinquent, in need of supervision or deprived shall not deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following circumstances:
* * * * * *
(4) A finding that a parent who does not have custody of the child has willfully failed to contribute to the support of the child as provided in a decree of divorce or in some other court order during the preceding year or, in the absence of such order, consistent with the parent's means and earning capacity... ."
[7] Mr. Winbigler testified that Deborah had asked if the Torres wanted anything. He stated that they refused. Both Mrs. Torres and Ms. McCallum testified that support money was never discussed.
[8] Our reversal of the trial court order terminating parental rights is not a determination of custody. Custody of S.A.W. is not an issue herein.
[9] Chad S., 580 P.2d at 985. The case cites 10 O.S. 1971 §§ 24(a) and 1109(b). Section 24 was amended (1989 Okla. Sess. Laws, ch. 363, § 1) without change to the first paragraph except subsection "(a)" was changed to "A." Subsection A provides:

"When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian, provided that in all counties having public defenders, said public defenders shall assume the duties of representation in proceedings such as above." [Now codified as 10 O.S. 1991, § 24(A)].
Section 1109 has been amended eight times since 1971. Subsection B of § 1109 has not changed since 1986 (1986 Okla. Sess. Laws, ch. 263, § 4) and provides:
"If the parents, guardian, or other legal custodian of the child requests an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if a petition has been filed alleging that the child is a deprived child, a child in need of supervision, or a child in need of treatment, or if termination of parental rights is a possible remedy, provided that the court may appoint counsel without such request, if it deems representation by counsel necessary to protect the interest of the parents, guardian or other legal custodian. If the child is not otherwise represented by counsel, whenever a petition is filed pursuant to the provisions of Section 1103 of this title, the court shall appoint a separate attorney, who shall not be a district attorney, for the child regardless of any attempted waiver by the parent or other legal custodian of the child of the right of the child to be represented by counsel." [Now codified at 10 O.S.Supp. 1992, § 1109(B)].
[10] 1986 Okla. Sess. Laws, ch. 243, § 1.
[11] Because of the fundamental rights of the child involved, a trial court has inherent discretion in cases involving the termination of parental rights. In re Adoption of A.G.K., 728 P.2d 1, 4-5 (Okla. Ct. App. 1986). Title 10 O.S. 1991, § 1130 specifically provides in subsection A that "a court may terminate the rights of a parent to a child" in certain situations. (Emphasis added.) Discretion is granted to avoid a termination that the court finds to be contrary to the best interests of the child.