Susan O. **COFFEY**, Appellant,

v.

Ricky K. **TAYLOR**, Appellee.

No. 82572.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 11, 1994.

As Corrected Nov. 18, 1994.

Chris W. Blankenship, Spiro, for appellant.

*MEMORANDUM OPINION*

JONES, Judge:

 This cause stands for adjudication on Appellant's brief only. Appellant, Susan O. Coffey, charges that the trial court erred in refusing her application for termination of the parental rights of Appellee, Ricky K. Taylor, to H.G.T., born November 27, 1988. Generally, where no answer brief is filed, and the omission is unexcused, the appellate courts are under no duty to search the record for some theory to sustain the trial court's judgment. On appeal in these instances the court will ordinarily, where the brief in chief is reasonably supportive of the allegations of error, reverse the judgment and remand for further proceedings. See, e.g., *Sneed v. Sneed,* 585 P.2d 1363 (Okla. 1978); *Harvey v. Hall,* 471 P.2d 911 (Okla. 1970). However, it is equally well-settled that reversal is not automatic for failure to file an answer brief. See, e.g., *Hamid v. Sew Original,* 645 P.2d 496 (Okla.1982). Because of the fundamental rights of the child involved, a trial court has inherent discretion in cases involving the termination of parental rights. In re *Adoption of A.G.K.,* 728 P.2d 1, 4–5 (Okla.App.1986). Title 10 O.S.1991, § 1130 specifically provides in subsection A that "a court may terminate the rights of a parent to a child" in certain situations. The court is not commanded by the statute, as can be seen from the use of the word "may" and not "shall". Discretion is granted to avoid a termination that the court finds to be contrary to the best interests of the child. *In Re Guardianship of S.A.W.,* 856 P.2d 286 (Okla.1993). It is the determination of this Court that the inherent discretion of the trial court has not been abused in this case.

 The evidence in this cause shows the mother to be in a rather unsettled period of her life. The parties to this proceeding attempted to become married after the child's birth. The result of this attempt appears doubtful in the light of the transcript of this proceeding, in which it appears from Appellant's testimony that she has been married four times and divorced an insufficient num-

ber of times for these marriages to have been precisely sequential. Appellant has lived at numerous locations in the life of the child. The record supports the trial court's finding that Appellee has had difficulty locating the child and the mother during this period and that the difficulty was intentionally caused by Appellant. The trial court determined that Appellant attempted to secret the child from the father in order to prevent him from establishing a relationship with the child. This fact was admitted by the mother at page 41 of the transcript. She explained the fact on the witness stand, stating the father had stolen the child once. From her testimony in the transcript, it appears that the father took the child, *telling the mother its whereabouts,* for "one or two weeks" because he thought the child was not being dressed appropriately for the cold conditions in the house she was then being kept. Upon questioning by the court it was revealed that this incident occurred when the child was very young, much less than a year old and the secretive behavior persisted to the time of the trial.

The grounds urged here for termination of parental rights is failure to support the child for a year or more. The father admitted this failure to support except for casual gifts. He also stated that Appellant did not accept monetary support when offered. There is evidence in this record, which if believed, would justify the conclusion made by the trial court that the mother clearly discouraged the father from making child support payments.

When the trial court issued its ruling, the Supreme Court had recently decided that independent counsel must be appointed to represent children if termination of parental rights is sought, regardless of whether termination is sought through privately initiated or state initiated petition. *In Re: Matter of Guardianship of S.A.W.,* 856 P.2d 286 (Okla. 1993). This court has reviewed the transcript of this proceeding, and concludes that the record demonstrates the type of shortcomings mentioned in the last cited case.

The trial court stated in his order that he considered the case of *In re: Adoption of A.G.K.,* 728 P.2d 1 (Okla.App.1986). In that case the court noted a similar failure to pay support, concluded that termination was not in the best interests of the child, and did not terminate those rights. As noted above, the trial court retains the ability to decline to terminate rights even in the event the statutory grounds are demonstrated. In the light of the fact that the trial court has discretion to refuse termination upon demonstration of failure to support, and the fact that at the time the ruling in this case was made the child should have been represented, it cannot be said the trial court erred in failing to find the clear weight of the evidence supported termination of Appellee's rights in this case, and the cause is accordingly affirmed.

AFFIRMED.

HANSEN, P.J., concurs.

ADAMS, J., concurs in result.