905 P.2d 807 (1995)
In the Matter of the ADOPTION of B.R.B. and S.E.R.,
Ranita COBERLY, Appellant,
v.
Charles Loyd RAMSEY and Pamela Grace Ramsey, Appellees.
No. 82197.
Supreme Court of Oklahoma.
November 7, 1995.
Paul W. Austin & Ruth Furman Castillo, Legal Aid of Western Oklahoma, Inc., Norman, for Appellant.
Treva Kruger, Norman, for Minor Children B.R.B. & S.E.R.
*808 WATT, Justice:

SUMMARY OF FACTS AND PROCEDURAL HISTORY
Appellees, Charles Loyd Ramsey and Pamela Grace Ramsey, initiated the underlying action to adopt Charles' two minor children without the consent of their natural mother, Ranita Coberly, appellant. The petition, filed pursuant to 10 O.S. 1991 § 60.6, alleged that the mother had willfully failed, refused or neglected to contribute to the support of the children for the preceding *809 twelve months and therefore her consent was unnecessary and her parental rights should cease. The trial court appointed independent counsel to represent the interests of the children in the proceedings.
Following a hearing, the court ruled that the children were eligible for adoption without the mother's consent. The court also awarded $1,000.00 to the children's attorney and ordered that the fee be paid equally by the parties. The mother appealed, contesting only that portion of the order directing payment of the children's attorney fee. The mother asserted that the trial court lacked authority to assess the fee against her and argued the assessment was inconsistent with 10 O.S. 1991 § 24.
The Court of Appeals affirmed, holding first that no specific statutory authority exists for payment of attorney fees from the court fund for a child's court appointed counsel in cases brought under 10 O.S. 1991 § 60.6. The court also held that neither 10 O.S. 1991 § 24 nor 10 O.S. 1991 § 1109 could be read to allow such an award. After ruling that the trial court did not abuse its discretion, the appellate court upheld the attorney fee assessment.

ISSUE
In this proceeding we are asked to delineate who is responsible for paying the fees of an attorney appointed to represent a child in a proceeding brought under 10 O.S. 1991 § 60.6. We hold that payment of such fees is governed by 10 O.S. 1991 § 24. Under the facts of this case, § 24 dictates that the children's attorney fee be paid by the county's court fund. Accordingly, that portion of the district court's order mandating appellant pay one-half of the children's attorney fee is reversed.[1]

DISCUSSION
Initially, we reiterate that Oklahoma applies the American Rule when determining if attorney fees are recoverable in litigation. Kay v. Venezuelan Sun Oil Co., 806 P.2d 648, 650 (Okla. 1991). Under that rule, "each litigant bears the cost of his/her legal representation and our courts are without authority to assess and award attorney fees in the absence of a specific statute or a specific contract therefor between the parties." Id. See also United General Ins. Co. v. Crane Carrier Co., 695 P.2d 1334, 1337 (Okla. 1984). No contractual fee arrangement is presented here. Thus, in light of the Court of Appeals' ruling that no statutory authority exists for payment of the attorney fee at issue, its affirmance of the fee assessment is clearly at odds with established precedent.
More importantly, we find that payment of the contested attorney fee is governed by 10 O.S. 1991 § 24, which provides:
A. When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian, provided that in all counties having public defenders, said public defenders shall assume the duties of representation in proceedings such as above.
B. In all cases other than in counties where public defenders are appointed, the court shall, where counsel is appointed and assigned allow and direct to be paid by the county in which the proceedings or trial is held, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys for such services as they may render. Provided, that such attorney shall not be paid a sum to exceed One Hundred Dollars ($100.00) for services rendered in preliminary proceedings, and such compensation shall not exceed Five *810 Hundred Dollars ($500.00) for services rendered during trial and not to exceed One Hundred Dollars ($100.00) for services rendered at each subsequent post-disposition hearing.[2]
Although subsection 24(A) purports to grant trial courts discretion in appointing counsel for children where a conflict of interest is apparent, this Court has held that independent counsel must be appointed to represent children in proceedings where termination of parental rights is sought. Matter of Guardianship of S.A.W., 856 P.2d 286 (Okla. 1993). In so ruling, the Court placed heavy reliance upon § 24 and 10 O.S.Supp. 1986 § 1109(B)[3], citing two previous decisions that did the same.[4]S.A.W., 856 P.2d at 288-89.
The underlying rationale for the Court's decision  that children must be represented by independent counsel in termination proceedings  is the likelihood that conflicts of interest will exist among the parties. The Court explained:
[I]n a termination proceeding, if a child is not represented by independent counsel, the child is caught in the middle while each attorney argues from his client's viewpoint. Although each side phrases arguments in terms of the child's best interests, each attorney desires to prevail for his client, who is not the child. But when the court appoints an attorney for the child, testimony is presented and cross-examination is done by an advocate whose only interest is the welfare of the child.
S.A.W., 856 P.2d at 289, citing Matter of T.M.H., 613 P.2d 468, 471 (Okla. 1980).
The question that remains is who is responsible for paying the fee of an attorney appointed to represent a child in such proceedings. The answer is found in Matter of Christopher W., 626 P.2d 1320 (Okla. 1980). There, the child's grandparents initially filed a petition seeking to terminate the parental rights of Christopher's parents. The grandparents later amended the petition to allege Christopher was a deprived child under 10 O.S.Supp. 1979 § 1101(d). The trial court found a conflict of interest existed between the child and his parents, and appointed separate counsel to represent the child. After finding that the child was not deprived, the trial court ordered the parents to pay a portion of the child's attorney fee.
On appeal, the parents argued that the trial court was without authority to order them to pay a portion of the fees because § 24(b) provides for payment out of the court fund. This Court agreed:
[W]e find it was the intent of the Legislature that in cases in which it is necessary for children to be represented in termination proceedings, and in proceedings to have a child declared dependent or neglected, that the State be responsible for assuring that the child is adequately legally represented.
Christopher W., 626 P.2d at 1322.
After discussing the appointment of counsel for children under § 1109(b), the Court *811 noted that § 1109 is silent as to who pays for such services. We answered that question by reference to § 24 and concluded:
From a consideration of [§ 24], we held [sic] that when the court appoints counsel to represent a child because of a conflict of interest between his parents and guardian, the court is to direct that the county (in which the proceedings or trial is held) is to compensate the attorney out of that county's court fund, if that county does not have a Public Defender available. In counties in which a Public Defender is available, the Public Defender's office is to provide such services.
Thus, parents or other litigants are not responsible for paying for the services of an attorney appointed because of a conflict of interest between parent and child. Accordingly, the trial court erred in requiring Christopher's parents to pay for the services of the appointed counsel.
Id. at 1323.
Appellees in the present case sought to establish, by initiating a consentless adoption proceeding under § 60.6, that the mother's parental rights had terminated. Section 60.6 does not contain any provision for the appointment of counsel for minor children in such proceedings. Notwithstanding, the general provisions of §§ 24 and 1109, as previously construed by this Court, dictated that independent counsel be appointed to represent the minor children. The interests of the opposing parties were conflicting and neither party's attorney could be expected to represent solely the interests of the children. Therefore, the trial court correctly appointed independent counsel for the children.
Like § 1109(b), § 60.6 is silent as to who pays the fee for the court appointed attorney. Matter of Christopher W. teaches that § 24 is to be utilized under these circumstances. Pursuant to the version of § 24(B) in effect at the time of the lower court proceedings, the attorney fee is to be paid by the county out of its court fund. The trial court abused its discretion in ordering the mother to pay a portion of the fee. See Hester v. Hester, 663 P.2d 727, 729 (Okla. 1983).

CONCLUSION
A trial court must appoint independent counsel to represent minor children in any proceeding where termination of parental rights is sought. The present case falls within the ambit of such proceeding and the trial court properly appointed an attorney to represent the interests of the children. Where a court appoints counsel to represent children because of a conflict of interest between the parties, as was the case here, under the version of § 24 in effect at the time, the court was required to direct that payment of the attorney's fee be made by the county out of its court fund. (The current version of § 24 mandates payment be made by the Oklahoma Indigent Defense System). Thus, the trial court erred in assessing a portion of the attorney fee against the children's mother.
Certiorari previously granted. The opinion of the Court of Appeals is vacated. That portion of the district court's judgment that directed appellant to pay one-half of the fee for the children's court-appointed attorney is reversed.
ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE and SUMMERS, JJ., concur.
OPALA, J., dissents.
NOTES
[1] Because appellees have not contested the fee assessed against them, the trial court's order respecting that amount remains undisturbed. See Matter of Estate of Bradshaw, 606 P.2d 578, 580 (Okla. 1980) (appellee generally cannot obtain correction of judgment erroneous as to him without a cross appeal).
[2] Section 24 was amended in 1994 to provide that the Oklahoma Indigent Defense System, rather than a particular court fund, is now responsible for paying the fees of appointed attorneys. Laws 1994, c. 340, § 1.
[3] Section 1109 has since been amended, but subsection (B) has not been changed since 1986. That subsection provides:

B. If the parents, guardian, or other legal custodian of the child requests an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if a petition has been filed alleging that the child is a deprived child, a child in need of supervision, or a child in need of treatment, or if termination of parental rights is a possible remedy, provided that the court may appoint counsel without such request, if it deems representation by counsel necessary to protect the interest of the parents, guardian or other legal custodian. If the child is not otherwise represented by counsel, whenever a petition is filed pursuant to the provisions of Section 1103 of this title, the court shall appoint a separate attorney, who shall not be a district attorney, for the child regardless of any attempted waiver by the parent or other legal custodian of the child of the right of the child to be represented by counsel.
[4] Matter of Chad S., 580 P.2d 983 (Okla. 1978) (citing §§ 24 and 1109, Court held that unless knowingly and intelligently waived, counsel must be appointed for indigent parent in proceeding to terminate parental rights); Matter of T.M.H., 613 P.2d 468 (Okla. 1980) (citing same two sections, Court held that independent counsel must be appointed to represent children if termination of parental rights is sought in state-initiated proceeding).