940 P.2d 216 (1997)
1997 OK 69
In the Matter of the ADOPTION OF K.D.K.
Deanna HAMES, Appellant,
v.
Wilma and Johnny ROBERTS, Appellees.
No. 87435.
Supreme Court of Oklahoma.
May 20, 1997.
Deanna Hames, Colcord, pro se Appellant.
Tim K. Baker, Baker & Baker, Tahlequah, for Appellees.
*217 ALMA WILSON, Justice:
¶ 1 K.D.K. was born out of wedlock to Deanna Hames[1] on December 11, 1987. On March 30, 1990, she married Jason N. Roberts. On December 27, 1990, he was granted a default divorce from Hames. The divorce decree placed physical custody of K.D.K. with Wilma and Johnny Roberts (the Roberts), the parents of Jason Roberts, and ordered Hames and Jason Roberts to pay child support to the Roberts, the appellees, in the amount of $50.00 per month. Neither Hames nor Jason Roberts paid the child support. On April 13, 1992, the Roberts petitioned to adopt K.D.K., to which Hames objected. The trial court ruled that the adoption could proceed without Hames consent and entered an adoption decree, but also provided for visitation between K.D.K. and Hames. Finding that the Roberts failed to meet their evidentiary burden, the Court of Appeals[2] reversed the adoption[3] and we denied certiorari review.
¶ 2 On remand from the Court of Civil Appeals, the Roberts' petition to adopt K.D.K. without Hames' consent was scheduled for another hearing on March 7, 1996. At that hearing, Hames asked that an independent attorney be appointed to represent her minor child, K.D.K., arguing that it is fundamental error not to appoint independent counsel for a child at a hearing to determine the child's eligibility to be adopted without the mother's consent. The trial court refused to appoint counsel for the child and proceeded to retry the adoption petition. On April 15, 1996, the trial court entered its decree of adoption without parental consent. Hames timely filed a petition in error on May 8, 1996. She also filed a motion to stay the effectiveness of the adoption decree during the pendency of the appeal. On June 19, 1996, this Court denied the motion to stay, but ordered the appeal accelerated and retained the case.[4]
¶ 3 This appeal presents a single issue: Whether the trial court committed fundamental error in refusing to appoint an independent counsel for K.D.K. at the hearing on the Roberts' petition to adopt K.D.K. without Hames' consent. We hold that the trial court's failure to appoint independent counsel to represent the minor child, K.D.K., at the hearing to determine eligibility for adoption without the parental consent under 10 O.S. 1991, § 60.6(2), constitutes fundamental error and we therefore reverse the April 15, 1996, decree of adoption.
¶ 4 In Matter of T.M.H., 613 P.2d 468 (Okla.1980), this Court held that a child has a constitutional right to counsel in a proceeding initiated by the state for the termination of parental rights. Matter of the Guardianship of S.A.W., 856 P.2d 286 (Okla.1993), extended the teaching of Matter of T.M.H., 613 P.2d 468 (Okla.1980) to proceedings initiated by a private party for termination of *218 parental rights. A petition for adoption filed under 10 O.S.1991, §§ 60.1, et seq., which results in termination of parental rights when the petition is granted, is just such an occasion.
¶ 5 In S.A.W. we observed that if a child is not represented by independent counsel, the child is caught in the middle while attorneys for the parties argue from the viewpoints of their clients. In contrast, an attorney representing the child can present testimony and cross-examine as an independent advocate for the best interests of the child.[5]S.A.W. is controlling. The trial court below should have appointed independent counsel to represent K.D.K. at the termination stage of the adoption proceedings.[6]
DISTRICT COURT DECREE OF ADOPTION REVERSED; AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
KAUGER, C.J., SUMMERS, V.C.J., LAVENDER, SIMMS, HARGRAVE, OPALA, WILSON, and WATT, JJ., concur.
LAVENDER and OPALA, JJ., concur specially.
HODGES, J., dissents.
LAVENDER, Justice, with whom OPALA, Justice, joins, concurring.
¶ 1 In its opinion the court holds that protection of a child's interests in the parent-child status relationship requires the appointment of independent counsel for the minor when a trial court is considering her eligibility for adoption under the terms of 10 O.S.Supp.1993 § 60.6(2).[1] I concur in today's pronouncement by reason of stare decisis, acknowledging that before entry of the decree of adoption and the creation of a new parent-child relationship the appointment of independent counsel for the minor is essential to protect the child's rights and interests.[2] I write separately to clarify this court's earlier holding in Merrell v. Merrell, 712 P.2d 35 (1985),[3] which remains viable since it applies to a phase of the statutorily prescribed procedure for adoptions which is distinct from that addressed in today's holding.
¶ 2 In Merrell the court held that the mere determination of eligibility to adopt without consent does not occasion the termination of *219 all parental rights and/or obligations. Only the parent's right of consent to the adoption is forfeited at the § 60.7 stage of the proceedings. The terminus of all parental rights is effected by entry of the decree of adoption.[4] The latter decree may or may not be entered at the same time that the right to consent is adjudged forfeited.[5] Further, Merrell stands for the proposition that a § 60.7 determination of eligibility for adoption does not terminate the non-consenting parent's support obligation owed to the minor. This latter responsibility ceases only after the entry of a decree of adoption which establishes a new parent-child relationship. To hold otherwise would result in the child becoming the financial responsibility of the state during the interim between the § 60.7 and § 60.15 stages of the adoptive process. Exoneration of a natural parent for the financial support of his/her offspring pending another person's legal succession to this obligation is not consistent with the legislative intent that is evinced in the enacted Uniform Adoption Act, 10 O.S.1991 §§ 60.1 et seq., and its later amendments.
¶ 3 Merrell is not overruled impliedly or otherwise by today's pronouncement or our earlier holdings in S.A.W.[6] or B.R.B.[7] The trial court's assaying whether a parent has failed for twelve or more months to make required support payments and hence forfeited the right of consent to an adoption of his/her offspring presents an issue separate and distinct from whether the proposed adoption is in the child's best interest.
¶ 4 In S.A.W. we considered whether, prior to entry of a decree of adoption which would terminate all of the natural parent's rights and interests in the parent-child status relationship, independent counsel should have been appointed to represent a minor child's interests; and in B.R.B. the primary issue was who was responsible for costs of the minor's independent counsel once appointed. The extant jurisprudence which is asserted to overrule Merrell does not address whether a non-consenting parent's legal obligation to support his/her child (after judicial determination of eligibility for adoption without consent) continues until entry of the final decree of adoption. Merrell remains this court's definitive response to that issue.
SIMMS, Justice, concurring:
¶ 1 I concur with the majority opinion that the trial court's failure to appoint independent counsel for this child during the adoption proceedings brought under 10 O.S.1991, § 60.6, was fundamental error. Even in the absence of a request of the trial court, the failure requires reversing this matter and remanding it to the trial court. Matter of Guardianship of S.A.W., 856 P.2d 286 (Okl.1993), and Matter of Adoption of B.R.B., 905 P.2d 807 (Okl.1995).
¶ 2 I write separately to point out that today's decision leaves no room to argue that Merrell v. Merrell, 712 P.2d 35 (Okl.1985), is still viable authority. In Merrell this Court held that in an action initiated under § 60.6, the adjudication and declaration of a child's eligibility for adoption without parental consent does not reach the full panoply of rights and obligations existing between parent and child and therefore does not effect a termination of parental rights. There is a view, with which I agree, that Merrell has already been impliedly overruled by Matter of Guardianship of S.A.W., supra, and Matter of Adoption of B.R.B., supra. See In re Adoption of F.R.F., 870 P.2d 799 (Okl.App.1994), and Matter of Adoption of D.R.W., 875 P.2d 433 (Okl.App.1994). Certainly if any argument to the contrary remained, it is resolved by the decision in the instant case.
¶ 3 In S.A.W., the Court reviewed Oklahoma law on the issue of the constitutional and statutory right to the appointment of counsel in termination cases: Matter of Chad S., 580 P.2d 983 (Okl.1978) (counsel must be appointed for indigent parents unless knowingly *220 and intelligently waived); Matter of Christopher W., 626 P.2d 1320 (Okl.1980) (child's appointed attorney must be paid at public expense); Davis v. Davis, 708 P.2d 1102 (Okl.1985) (protections of 10 O.S.1991, § 1130 were available only for actions initiated by the state, not in a suit by a private litigant. That statute, however, was amended in 1986 to allow a private right of litigation.)
¶ 4 The Court in S.A.W. recognized that when an action is brought to terminate parental rights and declare a child eligible for adoption without parental consent, profound interests of the child as well as the parent are placed in jeopardy and that jeopardy exists whether the action is initiated by the state or a private party. The Court, therefore, held that a child who is the subject of an action under § 1130 to terminate the rights of his parent and declare him eligible for adoption without his parent's consent, has a fundamental and constitutional right to be represented by independent counsel. We concluded this right to counsel is not dependent upon request to the trial court and that a child in a privately initiated termination proceeding is equally in need of independent representation of his interests. The Court determined that there is no rational reason to hold that in a termination action initiated by the state the child is entitled to an attorney, while in a privately initiated case under the same statute, § 1130, the child is not entitled to an attorney.
¶ 5 In Matter of B.R.B., supra, the Court extended the rationale and holding of S.A.W. to privately initiated proceedings under 10 O.S.1991 § 60.6. There we recognized that a determination that a child is eligible for adoption without consent of his or her parent does effect a termination of parental rights and we held that independent counsel must therefore be appointed to represent the child at public expense by the county out of the court fund.
¶ 1 OPALA, Justice, concurring.
¶ 2 Although I concur in the court's opinion, I write separately to explain that in this proceeding for a child's adoption without parental consent appointment of counsel for the child is indeed the child's due if the trial court should find, after an evidentiary hearing to be conducted on remand, that (a) the child is indigent and (b) because of "a conflict of interest" with some other person or persons interested in the case the child's joint representation with any other individual is legally impermissible. 10 O.S.Supp.1996 § 24 A.[1]
NOTES
[1] The record includes several last names for Hames. The petition for adoption identifies the natural mother of K.D.K. as "Deanna Rae Roberts Kvetko." The copy of the decree of divorce included in the record lists the natural mother's name as "Deanna R. Roberts." At the time of the first appeal, in case number 81,653, the style of the case listed her name as "Deanna Rae Roberts, now Welch." Her amended petition in error sets out her name as "Deanna Hames."
[2] Now renamed the Court of Civil Appeals. 1996 Okla.Sess.Laws, ch. 97, § 2, amending 20 O.S.1991, § 30.1, effective November 1, 1996 (ch. 97, § 23).
[3] Opinion by the Court of Civil Appeals (not for publication) in appeal number 81,653. The Court of Appeals noted that little traditional evidence had been submitted at trial. "The parties' attorneys gave a run down of what various witnesses would testify if called as witnesses, and the parties so stipulated." Page 3 of opinion, note 1. The parties stipulated that Hames had failed to support her child for more than twelve months; that Hames had been unable to work and unable to provide any type of income during the time in question; that the Roberts had both indicated to Hames that she should not be concerned about the child support since they were not holding their son to his obligation to pay support; and, that Hames was a fit and proper person to have the child. The Court of Appeals found the trial court's grant of visitation to Hames to be inconsistent with termination of parental rights and concluded that the trial court made no determination that Hames had willfully failed, refused, or neglected to contribute to the support of such child under 10 O.S.1991, § 60.6(2).
[4] Although Hames has been represented by three different lawyers during the course of the adoption proceedings, she is representing herself on this appeal.
[5] S.A.W., 856 P.2d at 289. Title 10 O.S.Supp. 1995, § 7006-1.1(A), authorizing termination of parental rights for willful failure to contribute to the support of a child, is clearly permissive only. The statute does not require termination where the Court finds that termination is not in the best interests of the child.
[6] Matter of the Adoption of B.R.B., 905 P.2d 807, 811 (Okla.1995), held that the county must pay for the services of an independent counsel appointed for a child in a termination of parental rights hearing. The Public defender will be appointed to represent the child, if the county has a public defender system. In all other counties, the independent counsel appointed to represent a child will be compensated out of the local court fund. Effective July 1, 1996, volunteer attorneys are to be appointed for indigent children who are entitled to representation. 10 O.S.Supp.1996, § 24.1. The volunteer attorneys are to be paid from the local court fund pursuant to 22 O.S.Supp.1996, § 1355.8(L).
[1] The pertinent terms of 10 O.S.Supp.1993 § 60.6(2) provide:

A child under eighteen (18) years of age cannot be adopted without the consent of its parents, if living, except that consent is not required from:
* * *
2. A parent who, for a period of twelve (12) months immediately preceding the filing of a petition for adoption of a child, has willfully failed, refused, or neglected to contribute to the support of such child:
a. in substantial compliance with a support provision contained in a decree of divorce ... or an order ... of support entered by a court of competent jurisdiction adjudicating the duty, amount, and manner of support....
[2] See Matter of Guardianship of S.A.W., 856 P.2d 286, 289 (Okla.1993); Matter of Adoption of B.R.B., 905 P.2d 807 (Okla.1995).
[3] It is suggested in a writing concurrent to today's pronouncement that Merrell was "impliedly overruled" by two Court of Civil Appeals' decisions. The Court of Civil Appeals is a tribunal which is constitutionally inferior to the Supreme Court. See LCR, Inc. v. Linwood Properties, 918 P.2d 1388 (Okla.1996); Ingram v. Oneok, Inc., 775 P.2d 810, 812 (Okla.1989); Wimberly v. Buford, 660 P.2d 1050 (Okla.1983); Matney v. King, 20 Okl. 22, 93 P. 737, 744 (Okla.1908). Oklahoma's fundamental law and our extant jurisprudence preclude this court's decisions being overruledimpliedly or otherwiseby an inferior court's holdings. Id.
[4] Wade v. Brown, 516 P.2d 526, 529 (Okla.1973).
[5] In Merrell, after a parent's right to consent was deemed foreclosed by his failure to pay child support for more than twelve months, a final decree of adoption was never entered in the collateral adoption proceedings. Merrell v. Merrell, 712 P.2d 35, 36 (Okla.1985).
[6] See S.A.W., supra note 1 at 287.
[7] See B.R.B., supra note 1 at 810.
[1] The terms of 10 O.S.Supp. 1996 § 24 A provide in pertinent part:

A. "When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian..." (Emphasis added.) See also similarly-worded language in 10 O.S.Supp. 1996 § 7003-3.7.