## 20508

Robert P. D'AUGUSTINE and Judy Kay D'Augustine, Respondents, v. Steven Guy BUSH, a minor under ten (10) years of age and Euyl L. Bush, of whom Euyl L. Bush is, Appellant.

(237 S.E. (2d) 384)

*Jack G. Leader, of Jackson & Leader, and Peter M. Per-rill, of Spencer & Spencer,* Rock Hill, *for Appellant,*

*Forrest C. Wilkerson, of Roddey, Sumwalt & Carpenter,* Rock Hill, *for Respondents,*

September 8, 1977.

LEWIS, Chief Justice.

This is an adoption proceeding and the issue on appeal is whether the lower court erred in holding that appellant, the natural father, had abandoned his minor son so as to permit the son's adoption without his consent.

Respondent, Judy Kay (Bush) D'Augustine, and appellant were married in 1966 and lived in Alabama until their divorce in July 1970. A son, Steven Guy Bush, was born to the marriage in 1967. The divorce decree awarded custody of the infant son to the mother with the right to appellant to have the child visit with him from Thursday afternoon to Saturday afternoon of each week. Appellant was required to pay $60.00 per month support for the child.

After the divorce, the mother left Alabama in August 1970 and went to Fayetteville, North Carolina, where she and the child resided in the home of her mother until January 1971 when she moved to Minotola, New Jersey. While the mother and child were residing in North Carolina, appellant visited his son in October 1970 and carried him in December of that year to Florida on a visit for one (1) week, returning the child to the mother during the first part of January 1971.

In April 1971, the mother married the respondent, Robert P. D'Augustine (stepfather). After their marriage, they moved to Marlton, New Jersey, in June 1971; to Fayetteville, North Carolina, in November 1973; and to Rock Hill, South Carolina, in March 1975, where they presently reside. The child has resided with the respondents, the mother and stepfather, since their marriage.

This action was instituted on March 16, 1976, by respondents to terminate the parental rights of appellant to his minor son, and to allow the stepfather to adopt the child. The lower court held that appellant had abandoned his child, eliminating the necessity of appellant's consent, and granted the adoption. Appellant, the natural father, has appealed from that decision.

We conclude that the preponderance of the evidence fails to sustain the finding of abandonment and, accordingly, reverse.

While the briefs are in disagreement as to whether the present action is governed by the provisions of Section 20-11-20 *et seq.* or Section 15-45-10 *et seq.* of the 1976 Code of Laws, we think that the action is clearly one for adoption and is governed by the provisions of the latter Code sections (the adoption statutes). The applicable legal principles are well settled.

> Consent lies at the foundation of the adoption statute and, in order for the court to issue a valid adoption decree, it must appear that the parent has consented, or has forfeited his or her parental rights by the abandonment of the child or by misconduct, even though the adoption would result in a benefit to the child. *Goff v. Benedict,* 252 S. C. 83, 165 S. E. (2d) 269.

Appellant has refused to give his consent to the adoption of his child by the stepfather and there is no contention that he has been guilty of any misconduct that would forfeit his parental rights. The sole contention is that he has forfeited his parental rights to his son by abandonment, making it unnecessary to have his consent for adoption.

On the question of what constitutes abandonment, so as to forfeit parental rights, we stated in *Hamby v. Hamby,* 264 S. C. 614, 216 S. E. (2d) 536:

Recognizing that the question of abandonment is largely one of intent to be determined in each case from all the facts

and circumstances, we have held that, 'abandonment imports any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child,' 2 Am. Jur. (2d), Adoption, Section 32; but 'does not include an act or course of conduct by a parent which is done through force of circumstances or dire necessity,' 2 Am. Jur. (2d), Adoption, Section 33. *Bevis v. Bevis,* 254 S. C. 345, 175 S. E. (2d) 398; *McCormick v. McMurray,* 260 S. C. 452, 196 S. E. (2d) 642.

> The burden of proof rested upon respondents to establish their claim of abandonment by the greater weight or preponderance of the evidence.

The record fails to sustain the conclusion that appellant's conduct showed an intent to relinquish all parental claims to his son. Appellant and the respondent mother were living in Alabama when they were divorced. The decree of divorce awarded custody of the child to the mother but granted liberal visitation rights to appellant. That order is apparently still in effect. Within thirty (30) days after the divorce the mother left the State of Alabama and returned with the child to the home of her parents in North Carolina. It is admitted that appellant visited his son two or three times during the four (4) months period that the mother resided in North Carolina.

The record is undisputed that appellant exercised liberal visitation rights with his child until the mother moved to New Jersey and married respondent D'Augustine. After the mother's remarriage, there was no further contact by appellant with the child. Appellant testified that he did not know the whereabouts of the child most of the time and made other efforts to see him, but this is disputed by the mother. It is admitted that appellant did attempt to visit the child in August 1975 and January 1976 after respondents moved to Rock Hill, South Carolina, but respondents refused to permit him to do so. Following these

attempts and others by appellant to contact his child respondents instituted this action in March 1976.

Appellant, according to his testimony, made support payments for the child until December 1970 when he stopped making them because the mother told him that she did not want him to pay any more. This is disputed by the mother who testified that appellant made the payments for only three (3) months. There is no testimony that any demand was made upon appellant by the mother at any subsequent time for support payments. In fact, it is clearly inferable that respondents did not want appellant to contribute to the support of the child or have any contact with him. Under this record, the failure to contribute to the support of the child is of little weight in establishing abandonment. 2 Am. Jur. (2d), Adoption, Section 35.

The lower court bases its finding of abandonment upon the factual conclusion that appellant "made no substantial attempt to visit his child from the early part of January 1971 until August of 1975," and that he "wilfully failed to support" the child "for over five (5) years immediately preceding the institution of this action."

These findings are not supported by the preponderance of the evidence. In fact the overwhelming weight of the evidence supports the opposite conclusion. It is a significant fact that appellant was permitted to, and did, freely visit with his son until January 1971 when the mother left North Carolina, went to New Jersey, and remarried. The mother admits that appellant called her shortly after she moved to New Jersey and sought visitation with the child and she refused the request. The record strongly supports the conclusion that appellant's failure to visit and support his child was largely due to the efforts of respondents to keep him from doing so. A letter written by the mother in December 1973 verifies the fact, as does the testimony of respondents.

The preponderance of the testimony sustains the conclusion that appellant did not wilfully fail to visit and support

his child but was prevented from doing so by the remarriage of the mother and her removal of the child to New Jersey and Pennsylvania for several years where the antagonistic attitude of respondents made visitation inadvisable, if not impossible. Certainly, appellant's renewed bona fide attempts at visitation in August 1975 and January 1976, approximately seven (7) months before this action was instituted, are completely inconsistent with abandonment.

The judgment of the lower court is accordingly reversed and the complaint or petition is dismissed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.