**John Ray MERRELL, Petitioner,**

v.

**Vickie Lynn MERRELL, now Watson, Respondent.**

**No. 62737.**

Supreme Court of Oklahoma.

Dec. 24, 1985.

Butner & Butner, Inc. by George W. Butner, Wewoka, for petitioner.

Pryor & Pettis by Clay B. Pettis, Holdenville, for respondent.

LAVENDER, Justice:

We have previously granted certiorari in this case to review a properly certified interlocutory order [1] by the trial court in a proceeding involving the child support provisions of a divorce decree entered between petitioner John Merrell and respondent Vickie Merrell in 1973. The order for review denied petitioner's motion to dismiss an application for contempt citation for failure to pay child support and an accompanying motion to modify the divorce decree to increase child support payments which had been filed by respondent. The basis for petitioner's motion to dismiss was his assertion that an unappealed, and now final,[2] 1977 adjudication in a collateral adoption proceeding concerning the parties' minor child, which had declared the child eligible for adoption without petitioner's consent, had terminated petitioner's parental rights and obligations as to the child, including the obligation to pay support. As no final decree of adoption was ever entered in the collateral adoption proceedings, the question presented to this Court is the determination of the precise effect on the par-

---

**1.** See 12 O.S.Supp.1983, Ch. 15, App. 2, Rules 1.50 through 1.56; 12 O.S.1981 § 952(b)(3).

**2.** See *In re Adoption of E.S.P.,* 584 P.2d 209 (Okla.1978).

ent/child status relationship of a decree holding the parent's consent not to be necessary in an adoption proceeding.

The trial court's ruling in this case implicitly finds that the mere determination of eligibility to adopt without consent does not sever the parent/child status between the child and the parent whose right to consent to an adoption has been adjudged forfeited. In support of the trial court's ruling respondent cites 10 O.S.1971 § 60.-16(2): [3]

> After a final decree of adoption is entered, the natural parents of the adopted child, unless they are the adoptive parents or the spouse of an adoptive parent, shall be relieved of all parental responsibilities for said child and have no rights over such adopted child or to his property by descent and distribution.

Respondent goes on to argue that a determination by this Court that a decree of eligibility for adoption without parental consent entered prior to the final decree of adoption has the effect of terminating the parental rights and responsibilities as to the child would be inconsistent with section 60.16(2) and would amount to judicial legislation. Additionally, respondent points out that this Court in *Wade v. Brown*,[4] recognized that it was the effect of a final decree in an adoption proceeding under 10 O.S. 1971 § 60.16 that deprived the affected parent of all rights to the adopted child.

Petitioner, however, argues that this Court has already determined that the effect of a determination of eligibility is to terminate the parent child/status. In support of this assertion petitioner cites the case of *In re Adoption of Darren Todd H.*,[5] in which this Court made the following statement:

> The fundamental nature of parental rights "requires that the full panoply of

procedural safeguards must be applied" before a parent may be deprived of that right. *Matter of Chad S.*, Okl., 580 P.2d 983, 985 (1978). Assessing this situation under the rationale of *Addington*, [v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)], we are convinced that because a declaration of a child's eligibility for adoption without parental consent effects a termination of parental rights, the magnitude of the rights involved requires proof which is clear and convincing.... (footnote omitted)

At issue in the case of *Darren Todd H.* was the standard of proof applicable in a hearing to determine a child eligible for adoption without the consent of a parent. We held that because of the nature of the rights involved the proof necessary to support the finding of eligibility must be clear and convincing. We do not recede from that conclusion. However, the statement that the declaration of eligibility itself effected a termination of parental rights relied on the case of *Wade v. Brown*.[6] Reassessing the authority cited, it is apparent that in *Wade* the question before this Court was whether a separate hearing was necessary to terminate a parent's rights to a child prior to the adoption of a child. We held that a separate hearing was not necessary, that an affected parent had the right to contest his right, or loss thereof, to consent to the adoption at the adoption hearing itself. Since the decree of adoption itself would terminate the parental rights, the hearing on eligibility coupled with the entry of the decree of adoption following the hearing would have the effect of terminating parental rights. *Wade*, however, does not stand for the proposition that a declaration of eligibility itself effects a termination of parental rights.

Following *Wade*, which was decided in 1973, the Oklahoma Legislature enacted 10

---

3. The 1971 version of the statute was in effect at the time of the eligibility for adoption without consent hearing in 1977. The present version of the statute, 10 O.S.Supp.1984 § 60.16(2), is identical in wording to the 1971 version.

4. 516 P.2d 526, 529 (Okla.1973).

5. 615 P.2d 287, 290 (Okla.1980).

6. Supra, note 4.

O.S.Supp.1975 § 60.7,[7] which clearly indicated the Legislature's intent that the hearing on eligibility be held prior to and separate from the adoption hearing provided for in 10 O.S.1981 § 60.15.[8]

■ Having determined that it is necessary to recede from our pronouncement in *Darren Todd H.* that the parental rights are subject to termination in toto in a section 60.7 eligibility hearing, for the reasons that such pronouncement is in conflict with the specific wording of 10 O.S.Supp.1984 § 60.16(2), and that it is not supported by prior case law, there remains the question of the nature of the right adjudicated in a section 60.7 hearing. By the wording of 10 O.S.1981 § 60.6, it is clear that a parent has the right to consent or refuse to consent to

the adoption of the parent's child. However, section 60.6 goes on to provide that a parent may lose that right under certain circumstances. Section 60.7 provides for a hearing to adjudicate whether those circumstances are present and whether, resultantly, the parent has forfeited the right to consent to the adoption of the child. It thus seems clear that the subject of a section 60.7 hearing is the right to consent itself.

The importance of the right to consent to an adoption has been recognized as an important right in and of itself both in jurisdictions, which, like Oklahoma, have adopted the Uniform Adoption Act,[9] and jurisdictions which have not adopted that Act.[10] This Court as well has tacitly recog-

---

**7.** 1975 Okla.Sess.Laws, ch. 24 § 1. Amended by 1983 Okla.Sess.Laws, ch. 61 § 1, which changed certain wording within section 60.7 but resulted in no substantive changes. 10 O.S.Supp.1983 § 60.7, now provides:

Prior to a court hearing on a petition for adoption without the consent of a parent or parents, as provided for in Section 60.6 of this title, the consenting parent, legal guardian, or person having legal custody of the child to be adopted shall file an application stating the reason that the consent of the other parent or parents is not necessary. The application shall be heard by the court and an order entered thereon in which said child is determined to be eligible for adoption pursuant to the provisions of Section 60.6 of this title. Prior to a hearing on the application, notice shall be given the parent whose consent is alleged to be unnecessary. The notice of the application shall contain the name of each child for whom application for adoption is made, the date for hearing on the application, and the reason that said child is eligible for adoption without the consent of said parent. Notice shall be served upon said parent in the same manner as a summons is served in civil cases, not less than ten (10) days prior to the hearing. If said parent resides outside of the county, said notice shall be served upon said parent in the same manner as a summons is served in civil cases, not less than fifteen (15) days prior to the hearing. If the location of said parent is not known and this fact is attested to by affidavit of the consenting parent, legal guardian, or person having legal custody of the child, notice by publication shall be given by publishing notice one time in a newspaper qualified as a legal newspaper, pursuant to the laws relating to service of notice by publication, in the county where the petition for adoption is filed. The publication

shall not be less than fifteen (15) days prior to the date of the hearing.

**8.** 10 O.S.1981 § 60.15, provides:

Upon examination of the report required in [10 O.S.1981 § 60.13] and after hearing, the court may issue an interlocutory decree giving the care and custody of the child to the petitioners, pending the further order of the court. Thereafter the investigator shall observe the child in his proposed adoptive home and report in writing to the court on any *circumstances or conditions which may have* a bearing on the granting of a final adoption decree. After six (6) months from the date of the interlocutory decree the petitioners may apply to the court for a final decree of adoption. The court shall thereupon set a time and place for final hearing. Notice of the time and date of the hearing shall be served on the State Department of Public Welfare, in those cases where said Department has original custody, or the investigator. The investigator shall file with the court a written report of its findings and recommendations and certify that the required examination has been made since the granting of the interlocutory decree. After hearing on said application, at which the petitioners and the child shall appear unless the presence of the child is waived by the court, the court may enter a final decree of adoption, if satisfied that the adoption is for the best interests of the child.

**9.** See *R.N.T. v. J.R.G.*, 666 P.2d 1036 (Alaska 1983); *Loveless v. May*, 278 Ark. 127, 644 S.W.2d 261 (1983).

**10.** See *Adoption of Rapp*, 348 So.2d 107 (La.App. 1977); *D'Augustine v. Bush*, 269 S.C. 342, 237 S.E.2d 384 (1977).

nized the existence of this right and its importance as illustrated from this statement from the case of *In re Adoption of C.M.G.:*[11]

> When a parent—not under a support order—is alleged to have forfeited, by operation of § 60.6(3), his power to grant or withhold consent to adoption, the allegedly delinquent parent must be afforded full and fair opportunity to show any contributions made to the child for which—both at common law and under our statutes—a stranger would have an action for "necessaries." In short, the bond is not subject to a § 60.6(3) severance—without the natural parent's consent—when the parent claimed to be delinquent has, in fact, during the period in question contributed—in any form—toward his child's living expenses according to his ability. (footnotes omitted)

Having determined that it is the parental right of consent, rather than the absolute termination of all parental ties to the child, at issue in a section 60.7 hearing, we still, as previously stated, find the clear and convincing evidence standard imposed in *Darren Todd H.* to be proper. Because a declaration that a child is eligible for adoption without parental consent is itself a final and appealable order,[12] and one which subjects the affected parent to the possibility of having all ties severed, we find the interest involved in such a hearing to rise to the magnitude requiring proof which is clear and convincing.

█ We find further support for our conclusion in this case from the practical considerations demonstrated from the facts before us. Where the eligibility hearing is held separately from the adoption hearing itself we have the possibility, as occurred here, that the adoption itself may fall through. If the section 60.7 hearing had been found to terminate all parental ties to the affected parent, the child would be deprived of the possibility of support from that parent even though an adoptive parent had not come forth to take up the burden. This does not appear to reconcile with the intent of our adoption statutes, which is clearly expressed in the provisions of 10 O.S.Supp.1984 § 60.16, declaring that it is the final decree which establishes the new parent/child relationships and terminates the old.[13] The adoption statutes contemplate the substitution of one set of providers for another, rather than the termination of one set of obligations and rights at one time and the implementation of a second set at a subsequent date.

Having determined that the 1977 adjudication concerned only petitioner's right to consent to the adoption of the parties' minor child rather than the full panoply of rights and obligations between petitioner and the child, it is apparent that the statutory duty[14] to support the minor child continued in force and effect. Accordingly, the trial court's ruling on petitioner's motion to dismiss in this case is AFFIRMED.

DOOLIN, V.C.J., and HODGES, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., dissents.

HARGRAVE, J., disqualified.

---

**11.** 656 P.2d 262, 266 (Okla.1982).

**12.** Supra, note 2.

**13.** This conclusion is supported by recent amendments to section 60.6 contained in H.B. 1308, effective February 1, 1986. This amendment, in pertinent part, states:

> A determination that the consent of the father or putative father of a child born out of wedlock to the adoption of the child is not required shall not, by itself, act to relieve such father or putative father of his obligation to provide for the support of the child as otherwise required by law.

1985 Okla.Sess.Law Serv., Ch. 337 § 2. Obviously, all fathers required by law to provide support for their children are responsible for that support until the children are adopted.

**14.** 10 O.S.1981 § 4, and 12 O.S.1981 § 1277.