In re: the ADOPTION OF F.R.F., Jr. and D.B.F., Minors.

Tonya Marie FOOTE, Appellant,

v.

Frank Raymond FOOTE and Marie Foote, Appellees.

No. 81374.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 1, 1994.

---

**12.** *In re Hildebrand's Estate,* 81 Okl. 197, 197 P. 445 (1921).

**13.** 293 P.2d 324 (Okl.1955).

**14.** See note 1.

Bobby C. Ramsey, David & Thompson Law Firm, Jay, for appellant.

David R. Poplin, Vinita, for appellee.

## OPINION

GARRETT, Vice Chief Judge:

This appeal arises from the trial court's Order Determining Children Eligible for Adoption Without Consent of Natural Parent. The order was entered in response to the Application of Frank Raymond Foote and Linda Marie Foote, husband and wife, (Appellees) for such order, pursuant to 10 O.S.1991 § 60.6,[1] against Appellant, Tonya Marie Foote, now Morgan, (Appellant or Mother). Appellant was found to have wilfully failed, neglected and refused to support her minor children, either as required in the divorce decree entered December 21, 1990, or consistent with her means or earning capacity, for a period in excess of the twelve (12) months immediately preceding the filing of Appellees' Petition for Adoption Without Consent of Natural Mother.

Appellant contends the evidence presented to the trial court failed to show by clear and convincing evidence that she did not support her children in accordance with her financial ability for a period of twelve months preceding the filing of Appellants' application. She contends the evidence shows the parties entered into a side agreement allowing her to provide child support by babysitting while Appellee father worked; she transferred funds from her credit union account to his credit union account; and, she borrowed money from her mother and friends to pay her support obligation.

Appellee father responds that the only variance to the divorce decree was as to the hours of care, rather than the specific days of care. He also testified he never forgave her child support obligation, and she continuously gave excuses as to why she could not pay. He stated Appellant did keep the children during the day while he worked, eight hours per day, but this only lasted a couple of months. He said it "started falling apart" in February, 1991, because Appellant was not getting the boys to school on time. He testified Appellant did not take the boys during the summer months as provided in the divorce decree because "[s]he never came and got them."

The standard of proof applicable in a hearing to determine a child eligible for adoption without the consent of a parent is the clear and convincing standard. See *Matter of Adoption of C.M.G.*, 656 P.2d 262 (Okl.1982).

Except for the following, the judgment of the trial court may be supported by sufficient evidence to be affirmed. However, it is unnecessary to decide that issue.

Recently, the Supreme Court decided the case of *Matter of Guardianship of S.A.W.*, 856 P.2d 286 (Okl.1993).[2] Therein, the guardian of a minor child filed a petition to terminate the parental rights of the child's parents under, 10 O.S.1991 § 1130(A)(4), and to declare the child eligible for adoption without the parents' consent. The grounds for

---

1. 10 O.S.1991 § 60.6(A)(2), in pertinent part, provides:

   A child under eighteen (18) years of age cannot be adopted without the consent of its parents, if living, except that consent is not required from:

   . . . . . .

   2. A parent who, for a period of twelve (12) months immediately preceding the filing of a petition for adoption of a child, has willfully failed, refused, or neglected to contribute to the support of such child:

   a. in substantial compliance with a support provision contained in a decree of divorce, . . . or
   b. according to such parent's financial ability to contribute to such child's support if no provision for support is provided in a decree of divorce or an order of modification subsequent thereto; . . . .

2. The *S.A.W.* case was decided on July 6, 1993, after the trial in the instant case. The case being reviewed was tried before the court on March 4, 1993.

the termination was the parents' failure to support the child during the twelve months preceding the filing of the petition. The issue in *S.A.W.* was whether independent counsel should have been appointed for the minor child.

The Court surveyed the evolution of Oklahoma law on the issue of the appointment of counsel in termination cases in which the Court held there is a constitutional right to assistance of counsel: *Matter of Chad S.*, 580 P.2d 983 (Okl.1978) (counsel must be appointed for indigent parents unless knowingly and intelligently waived); *Matter of T.M.H.*, 613 P.2d 468 (Okl.1980) (appointment of counsel for a minor, indigent child is mandatory if requested). In *T.M.H.*, the Court recognized the "best interests of the child", although ostensibly the goal of all parties to the termination proceeding, were distinct from the interests of each side to the litigation (the parents versus the DHS). The Court reasoned that the attorneys were advocates for their clients and promoted arguments for the purpose of prevailing on their behalf, but, if a child is not independently represented, he or she has no such advocate to argue his or her best interests. Both cases involved a termination proceeding initiated by the State through the Department of Human Services (DHS). In both cases, the Supreme Court relied upon 10 O.S.1991 §§ 24 and 1130 as statutory authority for the appointment of counsel and held that such appointment must be made, even if it is not requested.

The *S.A.W.* Court noted that *Davis v. Davis*, 708 P.2d 1102 (Okl.1985) held § 1130 was available only for termination cases brought by the State, but in 1986, a legislative amendment made it possible for privately initiated actions to be brought under § 1130, through the addition of subsection D. The Court then stated, at page 290:

We can see no rational reason to hold that in state initiated termination cases, the child is entitled to an attorney, while in privately initiated termination cases based on the same statute, § 1130, the child is not entitled to an attorney. The state would seem to be more likely to remain neutral in a dispute than a private party who has a private interest in termination

of parental rights. A respondent parent has an equally partisan interest in maintaining parental rights.

The instant action was initiated under the Uniform Adoption Act, specifically, 10 O.S. 1991 § 60.6, rather than § 1130. However, the termination of parental rights is the result of this process if the petition for a consentless adoption is granted. In *Merrell v. Merrell*, 712 P.2d 35 (Okl.1985), the Court held the right adjudicated in a hearing under § 60.6 is the right to consent, rather than the severance of the bond between parent and child. *S.A.W.* was decided in 1993 [8 years after the *Merrell* case]; and, the Court's extension of the mandate for appointment of independent counsel for the child in a privately initiated termination suit, involving a consentless adoption for the failure to support, is the later authority. The Supreme Court in *S.A.W.* found statutory authority under 10 O.S.1991 §§ 24 and 1130 for the appointment of counsel. Section 24 provides:

A. When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian, provided that in all counties having public defenders, said public defenders shall assume the duties of representation in proceedings such as above.

B. In all cases other than in counties where public defenders are appointed, the court shall, where counsel is appointed and assigned allow and direct to be paid by the county in which the proceedings or trial is held, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys for such service as they may render....

In *S.A.W.* the Court held that a minor child has a fundamental and constitutional right to be represented by independent coun-

sel. The appointment of counsel does not depend upon a request. The right may not be waived. The *S.A.W.* Court said:

> "Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon request." *Chad S.*, 580 P.2d at 986. *The relationship of parents to their children is a fundamental, constitutionally-protected right. Chad S.*, 580 P.2d at 986. In that case, the Court also noted that Oklahoma has statutory authority for counsel to be appointed for indigent parties to a termination proceeding. *If a parent has a right to be represented in a case involving termination of parental rights, the child, whose own rights are in jeopardy of being terminated, has equal interests at stake and must also be represented.* The issue is whether that child must have separate counsel to preserve the child's constitutional rights.

Two years after *Chad S.*, this Court handed down *Matter of T.M.H.*, 613 P.2d 468 (Okla.1980). In that case, the state petitioned to terminate the parental rights of the mother and father of Teresa M. The parents filed a motion to appoint independent counsel to represent their five-year-old daughter, but the motion was denied by the trial court. On appeal, this Court, as in *Chad S.*, cited 10 O.S.1971, §§ 24(a) and 1109(b), and held that these statutes made appointment of counsel mandatory if an indigent so requested counsel. This Court then went on to consider what must be done if no request for counsel was made on behalf of the child.

The Court reasoned that in a termination proceeding, if a child is not represented by independent counsel, the child is caught in the middle while each attorney argues from his client's viewpoint. Although each side phrases arguments in terms of the child's best interests, each attorney desires to prevail for his client, who is not the child. But when the trial court appoints an attorney for the child, testimony is presented and cross-examination is done by an advocate whose only interest is the welfare of the child. After stating that trial judges too often assume the interests of the child are adequately

protected by the Department of Human Services, *this Court held that under 10 O.S.1971, §§ 24 and 1109, independent counsel must be appointed to represent the children if termination of parental rights is sought. T.M.H.*, 613 P.2d at 471. The new rule was given prospective application.

\*     \*     \*     \*     \*     \*

Because S.A.W. was entitled to independent counsel but was not appointed one, we VACATE the decision of the Court of Appeals, and REVERSE and REMAND the judgment of the trial court for disposition of the matter in a manner consistent with the views expressed herein. (Emphasis supplied.)

Neither Appellant nor Appellee made any request in the trial court for appointment of independent counsel to represent the children. The Children are not represented by counsel in this appeal, and neither Appellant nor Appellee makes any issue of the fact that the children have never been represented by independent counsel at any stage of this case. Because this is a fundamental and constitutional right of the children which may not be waived, it is the duty of this Court to raise the question, sua sponte.

The fundamental and constitutional rights of a child in an action to terminate parental rights are the same whether the action is brought under 10 O.S.1991 § 60.6 or 10 O.S. 1991 § 1130. It is equally obvious that 10 O.S.1991 § 24 applies in either instance. We hold that a minor child, in a consentless adoption proceeding, *must* be represented by independent counsel. If such counsel for the child or children does not appear, the Court must appoint counsel for this purpose. The failure of the trial court to do so in this case constituted error.

The judgment of the trial court is reversed and vacated. This matter is remanded to the trial court for further proceedings which are consistent with this Opinion.

REVERSED AND REMANDED.

BAILEY, J., concurs.

HUNTER, P.J., dissents with separate opinion.

HUNTER, Presiding Judge, dissenting.

I disagree with the majority's pronouncement that it was fundamental error for the trial court not to appoint independent counsel to represent the child in this private proceeding to establish eligibility of the child for a consentless adoption, especially in the absence of any request therefor. My colleagues mistakenly jump to the conclusion that the Supreme Court's holding in *Matter of Guardianship of S.A.W.*, 856 P.2d 286 (Okl.1993), which established that a child is constitutionally entitled to representation by independent counsel in a private proceeding to terminate parental rights, mandates appointment of such counsel for the child in a proceeding to determine eligibility of the child for consentless adoption. The *S.A.W.* case, dealing with termination of parental rights, has no applicability to the instant action wherein the only issue presented for determination was the eligibility of the child for consentless adoption. A declaration that a child is eligible for adoption without the consent of the natural parents does not effect a termination of parental rights. *Merrell v. Merrell*, 712 P.2d 35 (Okl.1985). This holding is still good law in this state and is not affected by the Supreme Court's ruling in *Matter of Guardianship of S.A.W.*

Furthermore, this issue was not raised by either party at the trial level or on appeal. The fact that the trial court did not appoint independent counsel to represent the child in this eligibility for consentless adoption hearing does not constitute fundamental error requiring reversal. The term "fundamental error" is not subject to precise definition but generally, is error which renders a judgment void. *Meadows v. Meadows*, 619 P.2d 598, 601 (Okl.1980). It is that which denies a person a constitutional or statutory right, and which goes to the very foundation of the case. *Miller v. State*, 827 P.2d 875, 878 (Okl.Cr.1992). My colleagues cite no applicable authority which makes it fundamental error to not appoint counsel to represent the child in an eligibility hearing. For these reasons, I respectfully dissent.