**In the Matter of the ADOPTION OF D.R.W., a Minor Child.**

**Kristine L. LANSDALE, Appellant,**

v.

**Ronald HAMMOND and Debra Hammond, Appellees.**

**No. 80866.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 1, 1994.

Rehearing Denied March 29, 1994.

Stephen G. Fabian, Edmond, for appellant.

Robert L. Varnum, Linda G. Kaufman, James U. White, Jr., White, Coffey, Galt & Fite, Oklahoma City, for appellees.

## OPINION

GARRETT, Vice Chief Judge:

This appeal results from a judgment declaring a minor child, D.R.W., eligible for adoption without the consent of her natural mother.

In February 1990, Ronald and Debra Hammond (collectively, Hammond) filed an action seeking an order declaring D.R.W. eligible for adoption without the consent of her natural parents. 10 O.S.1991 § 60.6 provides:

A child under eighteen (18) years of age cannot be adopted without the consent of its parents, if living, except that consent is not required from:

\* \* \* \* \* \*

(2) A parent who, for a period of twelve (12) months immediately preceding the filing of a petition for adoption of a child, has willfully failed, refused, or neglected to contribute to the support of such child:

\* \* \* \* \* \*

(b) according to such parent's financial ability to contribute to such child's support if no provision for support is provided in a decree of divorce or an order of modification subsequent thereto; ...[1]

Hammond alleged D.R.W.'s natural father and her natural mother, Kristine L. Lansdale (Lansdale) had failed to provide financial support for more than the previous twelve months. After a hearing, the Court entered a judgment [order] declaring D.R.W. eligible for adoption without the consent of her natural parents. D.R.W.'s natural father does not appeal. There is an allegation in the record on appeal that he is deceased. However, Lansdale appeals.

Lansdale contends: D.R.W. was not afforded representation by independent counsel in the Court below; and, D.R.W. was denied a jury trial. Therefore she was denied her constitutional rights and the judgment must be reversed. Hammond requested the trial court to appoint independent

counsel to represent D.R.W. The motion was denied. Both Hammond and Lansdale were represented by counsel at the hearing. The child was not so represented.

The authorities, relied on by Lansdale, establishing a minor child's right to independent counsel, do not deal with consentless adoption under 10 O.S.1991 § 60.6. They involve actions for termination of parental rights under previous versions of 10 O.S.1991 § 1130. In *Matter of S.A.W.*, 856 P.2d 286 (Okl.1993), the Supreme Court extended the right to independent counsel to a minor child involved in a private action seeking to terminate his natural parent's rights. The statutory language in § 1130 concerning termination of parental rights for wilful failure to support for the previous twelve months is substantially similar to the provisions in § 60.6 allowing consentless adoption for failure to support for the previous twelve months. Section 1130 provides in pertinent part:

A. ... a court may terminate the rights of a parent to a child in the following situation:

\* \* \* \* \* \*

4. A finding that a parent who does not have custody of the child has willfully failed to contribute to the support of a child as provided in a decree of divorce or in some other court order during the preceding year or, in the absence of such order, consistent with the parent's means and earning capacity.[2]

In *S.A.W.*, the appellants contended the Court erred because the minor child had not been afforded independent counsel below. The Supreme Court cited *Matter of Chad S.*, 580 P.2d 983 (Okl.1978), (natural mother has constitutional right to counsel in a State initiated parental termination proceeding, unless that right is knowingly and intelligently waived), and *Matter of T.M.H.*, 613 P.2d 468 (Okl.1980) (minor child is entitled to an attorney in a state initiated termination of parental rights action whether requested or not).

---

1. 10 O.S. § 60.6 was amended effective 1993, however, the pertinent portion is unchanged by that amendment.

2. 10 O.S. § 1130 was amended effective September 1, 1993, however, no material changes were made in the above quoted portion.

The Court held that a minor child is entitled to be represented by an independent attorney in a privately initiated action to terminate parental rights. In effect, *Davis v. Davis,* 708 P.2d 1102 (Okl.1985) wherein the Court held that independent counsel for a minor child was required only in state initiated cases was overruled.

Hammond argues that parental rights are not terminated until the subsequent adoption takes place. They rely on *Merrell v. Merrell,* 712 P.2d 35 (Okl.1985). In *Merrell,* the Court said determination of eligibility to adopt without consent concerns only the parent's right to consent. *Merrell* was decided eight years prior to the decision in *S.A.W.* In *Merrell,* the Court appeared to say that establishing eligibility to a consentless adoption is not the same as a termination proceeding. However, obviously, in a consentless adoption the parent-child bond is materially altered. We fail to see a material distinction where the child's rights are considered.

The Supreme Court in *S.A.W.* found statutory authority under 10 O.S.1991 §§ 24 and 1130 for the appointment of counsel. Section 24 provides:

A. When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian, provided that in all counties having public defenders, said public defenders shall assume the duties of representation in proceedings such as above.

B. In all cases other than in counties where public defenders are appointed, the court shall, where counsel is appointed and assigned allow and direct to be paid by the county in which the proceedings or trial is held, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys for such service as they may render. ...

In *S.A.W.* the Court also held that a minor child has a fundamental and constitutional right to be represented by independent counsel. The appointment of counsel does not depend upon a request. The right may not be waived. The *S.A.W.* Court said:

*"Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon request." Chad S.,* 580 P.2d at 986. *The relationship of parents to their children is a fundamental, constitutionally-protected right. Chad S.,* 580 P.2d at 986. In that case, the Court also noted that Oklahoma has statutory authority for counsel to be appointed for indigent parties to a termination proceeding. *If a parent has a right to be represented in a case involving termination of parental rights, the child, whose own rights are in jeopardy of being terminated, has equal interests at stake and must also be represented.* The issue is whether that child must have separate counsel to preserve the child's constitutional rights.

Two years after *Chad S.,* this Court handed down *Matter of T.M.H.,* 613 P.2d 468 (Okla.1980). In that case, the state petitioned to terminate the parental rights of the mother and father of Teresa M. The parents filed a motion to appoint independent counsel to represent their five-year-old daughter, but the motion was denied by the trial court. On appeal, this Court, as in *Chad S.,* cited 10 O.S.1971, §§ 24(a) and 1109(b), and held that these statutes made appointment of counsel mandatory if an indigent so requested counsel. This Court then went on to consider what must be done if no request for counsel was made on behalf of the child.

The Court reasoned that in a termination proceeding, if a child is not represented by independent counsel, the child is caught in the middle while each attorney argues from his client's viewpoint. Although each side phrases arguments in terms of the child's best interest, each attorney desires to prevail for his client, who is not the child. But when the trial

court appoints an attorney for the child, testimony is presented and cross-examination is done by an advocate whose only interest is the welfare of the child. After stating that trial judges too often assume the interests of the child are adequately protected by the Department of Human Services, *this Court held that under 10 O.S.1971, §§ 24 and 1109, independent counsel must be appointed to represent the children if termination of parental rights is sought. T.M.H.*, 613 P.2d at 471. The new rule was given prospective application.

\* \* \* \* \* \*

Because S.A.W. was entitled to independent counsel but was not appointed one, we VACATE the decision of the Court of Appeals, and REVERSE and REMAND the judgment of the trial court for disposition of the matter in a manner consistent with the views expressed herein. (Emphasis supplied.)

■ The fundamental and constitutional rights of a child in an action to terminate parental rights are the same whether the action is brought under 10 O.S.1991 § 60.6 or 10 O.S.1991 § 1130. It is equally obvious that 10 O.S.1991 § 24 applies in either instance. We hold that a minor child, in a proceeding to establish eligibility for a consentless adoption, *must* be represented by independent counsel. If such counsel for the child or children does not appear, the Court must appoint counsel for this purpose. The failure of the trial court to do so in this case constituted error.

■ We find no merit in the contention that the trial court erred in denying a jury trial. We are not familiar with any constitutional or statutory provision requiring a jury trial in a case such as this, and neither party calls our attention to such a provision. The right did not exist at common law. The trial court has jurisdiction in its equitable capacity to supervise the custody and welfare of a minor child. *In re Bomgardner*, 711 P.2d 92 (Okl.1985).

The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings which are consistent with this Opinion. It becomes unnec-essary to consider other arguments of the parties.

REVERSED AND REMANDED.

BAILEY, J., concurs.

HUNTER, P.J., dissents with separate opinion.

HUNTER, Presiding Judge, dissenting.

I dissent to the majority's pronouncement today that it was fundamental error for the trial court not to appoint independent counsel to represent the child in this private proceeding to determine eligibility of the child for a consentless adoption. My colleagues mistakenly rely upon *Matter of Guardianship of S.A.W.*, 856 P.2d 286 (Okl.1993), which established that a child is constitutionally entitled to representation by independent counsel in a private proceeding to terminate parental rights. That case is not applicable to the case at bar where the only issue presented for determination was the eligibility of the child for consentless adoption. A declaration that a child is eligible for adoption without the consent of the natural parents does not effect a termination of parental rights. *Merrell v. Merrell*, 712 P.2d 35 (Okl.1985). This holding is still good law in this state.

Furthermore, Appellant failed to raise this issue in her petition in error. Appellant's failure to raise this issue in her petition in error is fatal to its consideration in this appeal. *Kirschstein v. Haynes*, 788 P.2d 941 (Okl.1990). At the trial court level, Appellees made a motion that independent counsel be appointed for the child. At the subsequent hearing, the opposing parties argued the motion, at which time the trial court denied it. From these facts, it appears that Appellant actually opposed Appellees' motion for appointment of independent counsel for the child. A party is not permitted to secure reversal of a judgment upon error which they have invited and acquiesced in, or to assume a contrary position to that taken in the trial court. *Union Texas Petroleum v. Corporation Commission of State of Okl.*, 651 P.2d 652 (Okl.1981). A party who has tried his case upon one theory cannot, when the judgment goes against her, try her case on a

different theory on appeal. *Wickham v. Belveal,* 386 P.2d 315 (Okl.1963). Even an alleged fundamental error based upon a constitutional argument which is raised for the first time on appeal will not be considered. *Pelican Production Corp. v. Mize,* 573 P.2d 703, 704 (Okl.1977); *Grace Drilling Co. v. Novotny,* 811 P.2d 907, 909 (Okl.App.1991).

Finally, I do not agree with the majority that denial of appointment of independent counsel for the child in this private eligibility for consentless adoption proceeding can be considered as "fundamental error". The term "fundamental error" is not subject to precise definition but generally, is error which renders a judgment void. *Meadows v. Meadows,* 619 P.2d 598, 601 (Okl.1980). It is that which denies a person a constitutional or statutory right, and which goes to the very foundation of the case. *Miller v. State,* 827 P.2d 875, 878 (Okl.Cr.1992). As explained above, the child did not have a constitutional or statutory right to representation by independent counsel in this private eligibility for consentless adoption proceeding, and any alleged error cannot be considered "fundamental". For all of the above reasons, I respectfully dissent.