**In re ADOPTION OF B.N.D.,
a minor child.**

**Thomas E. DOLBOW, II, and Elisha
Dolbow, Petitioners–Appellants,**

v.

**Dolly Dolbow BEAMER,
Respondent/Appellee.**

No. 86031.

Court of Civil Appeals of Oklahoma,
Division No. 1.

May 20, 1997.

---

**3.** This is a separate cause of action from that discussed in Part III of this opinion, as it is created solely by the statute.

Frank J. Pacenza, Cleveland, for Petitioners/Appellants.

## MEMORANDUM OPINION

JOPLIN, Judge:

¶1 Appellants Thomas E. Dolbow, II, (Father) and Elisha Dolbow (Wife) seek review of the trial court's order holding Appellants not entitled to adopt Appellant Father's

biological child, B.N.D., without the consent of B.N.D.'s biological mother, Appellee Dolly Dolbow Beamer (Mother). In this appeal, Appellants assert that Mother's failure to pay child support pursuant to Mother and Father's divorce decree rendered unnecessary her consent to adoption of B.N.D. by Father's new wife, and that in any event, the trial court's failure to appoint independent counsel for B.N.D. rendered the entire proceeding fundamentally flawed necessitating reversal. For the reasons set out below, however, we find no error in the proceedings and affirm the trial court.

¶2 Father and Mother married in 1989, and of the marriage, one child, B.N.D., issued. Father and Mother subsequently divorced in April 1992 in Kansas. Pursuant to the Kansas decree (which adopted and incorporated the parties' joint custody agreement), Father retained physical custody of B.N.D., with Mother granted visitation and ordered to pay $100.00 per month child support. Mother paid child support as ordered and exercised visitation with B.N.D. until the summer of 1993 when Father, his present wife, and B.N.D. moved to Oklahoma.

¶3 On May 13, 1995, Appellants filed the present action alleging Mother had willfully failed to pay the court ordered child support for the preceding 12 months, and seeking an adjudication of B.N.D.'s eligibility for adoption without Mother's consent. Appellants attempted service of notice on Mother in care of Mother's parents in Kansas, but Mother testified she did not receive that notice. Appellants then attempted service on Mother at the Kansas residence where she had continuously resided; however, Mother's brother accepted service and it is controverted whether Mother received this notice. Finally, Appellants affected personal service of notice to Mother on May 24, 1995 through the Cowley County, Kansas sheriff's office at Mother's residence.

¶4 However, two days before personal service of Appellants' notice, Mother filed in the Kansas court an application for a voluntary income withholding order for the benefit

of B.N.D., and an order providing therefor went into effect the following day. On or about the same time, Mother filed an application for contempt citation against Father, alleging Father's denial of Mother's visitation rights. On June 14, 1995, the Kansas Court entered an order adopting the parties' agreement for visitation between Mother and B.N.D. to begin two days later. The Kansas trial court continued hearing on Mother's request for modification of the visitation order as set out in the decree of divorce.

¶5 The following month, the trial court below heard Appellants' application for B.N.D.'s eligibility for adoption without Mother's consent. The trial court properly bifurcated the proceedings [1] as required by statute, addressing in the first stage the sole issue of whether Mother's failure to pay child support was willful.

¶6 Mother testified that for the two years since Father moved B.N.D. to Oklahoma, Mother experienced great difficulty contacting Father; that she had visitation with B.N.D. on only one occasion; that she did not have Father's phone number nor his rural address, and that she sent B.N.D. a Christmas present in care of Father's new in-laws. Mother also testified she had been confined to bed for the better part of two pregnancies after her divorce from Father, prohibiting Mother from working and resulting in a temporary inability to pay child support. It is uncontroverted that Mother at all times lived at the same residence in Kansas, that her parents lived in the same town, and that Mother had been estranged from her parents since the divorce.

¶7 For their part, Appellants testified Mother failed to pay child support after Appellants moved to Oklahoma; that Mother knew where Appellants lived; that Appellants had two additional two children; that Father's present wife considered B.N.D. to be "their" child; and that Mother sent B.N.D. a Christmas present to Appellants' home. Appellants admitted B.N.D. visited Mother's parents on several occasions in the same town in which Mother resided but did

1. *See* 10 O.S.1991 § 60.7, *infra.* The trial court below actually trifurcated the proceedings, first determining, after taking evidence thereon, that it had jurisdiction to hear the matter over the Kansas court.

not inform Mother of the visits nor of telephone calls between B.N.D. and her maternal grandparents. Appellants denied knowing where Mother resided or Mother's telephone number.

¶ 8 At the conclusion of the first stage proceedings, the trial court determined Appellants "failed to meet their burden of proof" to show that Mother's failure to pay had been willful and, accordingly, determined B.N.D. not eligible for adoption without Mother's consent. Appellants appeal.

¶ 9 This appeal stands submitted on Appellants' brief only.[2] It is well-settled that where no answer brief is filed, and the omission is unexcused, the Court is under no duty to search the record for some theory to sustain the trial court's judgment, and on appeal will *ordinarily*, where the brief in chief is reasonably supportive of the allegations of error, reverse the judgment with directions. *Sneed v. Sneed*, 585 P.2d 1363 (Okla.1978); *Harvey v. Hall*, 471 P.2d 911 (Okla.1970). However, it is equally well-settled that reversal is never automatic on an appellee's failure to file an answer brief. *Hamid v. Sew Original*, 1982 OK 46, 645 P.2d 496. Considering the importance of the issues here raised, we therefore proceed to address the merits of Appellants' arguments.

¶ 10 In their first and second propositions of error, Appellants challenge the trial court's finding that Appellants failed to meet their burden of proof on the issue of Mother's alleged willful failure to pay child support. In that regard, consent of a parent to the adoption of a biological child is not required from:

2. A parent who, for a period of twelve (12) months immediately preceding the filing of a petition for adoption of a child, has willfully failed, refused, or neglected to contribute to the support of such child:

 a. in substantial compliance with a support provision contained in a decree of divorce ..., or

 b. according to such parent's financial ability to contribute to such child's

support if no provision for support is provided in a decree of divorce....

10 O.S.1991 § 60.6. A parent's willful failure to pay support must be shown by clear and convincing evidence, and the party seeking adoption without consent of the supporting parent bears the burden of proof. *Merrell v. Merrell*, 1985 OK 107, 712 P.2d 35. Stated otherwise, "[b]ecause a declaration that a child is eligible for adoption without parental consent is itself a final and appealable order, and one which subjects the affected parent to the possibility of having all ties severed, we find the interest involved in such a hearing to rise to the magnitude requiring proof which is clear and convincing." *Merrell*, 1985 OK 107, 712 P.2d at 39.

¶ 11 In the present case, the record reflects that Mother paid child support and exercised visitation with B.N.D. prior to Father's move from Kansas to Oklahoma in 1993. Mother testified that she could not pay the court-ordered child support because she could not work for an extended period due to health problems. On consideration of the evidence, the trial court specifically found Appellants failed to prove that Mother had willfully failed to pay child support by clear and convincing evidence, a conclusion with which we agree.

¶ 12 Appellants also assert the trial court erred in failing to appoint independent counsel for B.N.D., and that such failure renders the proceedings fundamentally and fatally flawed. However, we find no such fundamental error in the present case.

¶ 13 We initially observe that Oklahoma law provides:

Prior to a court hearing on a petition for adoption without the consent of a parent or parents ... [the] person having legal custody of the child to be adopted shall file an application stating the reason that the consent of the other parent or parents is not necessary. The application shall be heard by the court and an order entered thereon in which said child is determined to be eligible for adoption pursuant to the provisions of [10 O.S.1991 § 60.6]. Prior to a

2. We here note that Mother's attorney was allowed to withdraw after filing of the petition in

error, and there has been no other entry of appearance on Mother's behalf.

hearing on the application, notice shall be given the parent whose consent is alleged to be unnecessary . . .

10 O.S.1991 § 60.7. As the Supreme Court noted in *Merrell,* the Oklahoma Legislature thus evinced its intent that a hearing on eligibility for adoption without consent of the natural parent be held prior to and separate from the adoption hearing provided for in 10 O.S.1991 § 60.15:

Having determined that it is necessary to recede from our pronouncement in [*Matter of Adoption of*] *Darren Todd H.* [1980 OK 119, 615 P.2d 287] that the parental rights are subject to termination in toto in a section 60.7 eligibility hearing, for the reasons that such pronouncement is in conflict with the specific wording of 10 O.S.Supp. 1984 Sec. 60.16(2), and that it is not supported by prior case law, there remains the question of the nature of the right adjudicated in a section 60.7 hearing. By the wording of 10 O.S.1991 Sec. 60.6, it is clear that a parent has the right to consent or refuse to consent to the adoption of the parent's child. However, section 60.6 goes on to provide that a parent may lose that right under certain circumstances. Section 60.7 provides for a hearing to adjudicate whether those circumstances are present and whether, resultantly, the parent has forfeited the right to consent to the adoption of the child. It thus seems clear that the subject of a section 60.7 hearing is the right to consent itself.

*Merrell,* 1985 OK 107, 712 P.2d at 38–39. Under this bifurcated procedure, the trial court must first determine at a separate hearing under § 60.7 a child's *eligibility* for adoption without consent of the natural parent *prior* to a hearing under § 60.15 to affect *termination* of the natural parent's rights for entry of the decree of adoption establishing a new parent/child unit under § 60.16. In the interim, the natural parent's obligation to support the child remains unaffected. *Matter of Adoption of J.R.M.,* 1995 OK 79, 899 P.2d 1155, 1161; *Merrell,* 1985 OK 107, 712 P.2d at 39.

¶14 In 1993, the Supreme Court held that in a private action seeking *termination* of parental rights under 10 O.S. § 1130, the trial court must appoint independent counsel for the child. *Matter of Guardianship of S.A.W.,* 1993 OK 95, 856 P.2d 286. In *S.A.W.,* the Supreme Court reasoned that because counsel for the parents advocates for the clients, a child not likewise independently represented by counsel has no disinterested advocate to protect the child's best interests. 1993 OK 95, 856 P.2d at 289. Reading *S.A.W.* as overruling *Merrell,* the Court of Appeals concluded that *S.A.W.* mandated independent counsel for a child in termination proceedings. *Matter of Adoption of D.R.W.,* 1994 OK CIV APP 10, 875 P.2d 433; *In re Adoption of F.R.F.,* 1994 OK CIV APP 9, 870 P.2d 799. Thus, in reliance on *S.A.W.,* this Court held the appointment of independent counsel for a child mandatory in proceedings to determine a child eligible for adoption without consent of a parent based on the parent's willful failure to pay child support on the grounds the granting of a petition for consentless adoption leads to the same result as a termination of parental rights.

■■■ ¶15 However, the Supreme Court in 1995 re-affirmed the holding in *Merrell:*

We determined in *Merrell* that *the sole issue governed by the procedures of a § 60.7 hearing was the right of parental consent in an adoption proceeding. Absolute termination of parental rights is not decided at the time the consent issue is determined. Only when the final decree of adoption is entered are all parental responsibilities severed.* Under *Merrell,* until an adoption is completed, the nonconsenting parent's duty of support continues.

*J.R.M.,* 1995 OK 79, 899 P.2d at 1161. (Emphasis original/citations omitted). Following *J.R.M.,* it seems clear to us that to the extent, then, that a child's right to counsel attaches in an adoption proceeding, the child's right to counsel attaches *only* when the bond between natural parent and natural child stands in jeopardy. In a § 60.7 hearing, however, the natural parent/child bond is not so threatened. *J.R.M.,* 1995 OK 79, 899 P.2d at 1161. Hence, appointed counsel to protect the child's best interests is not mandated at the § 60.7 stage of the adoption proceedings where, as here, the sole issue in

a § 60.7 hearing devolves to an inquiry into a parent's willful failure to pay support.

¶ 16 The sole issue in the subject § 60.7 hearing below was whether Mother willfully failed to pay child support as to render her consent to Appellants' adoption of B.N.D. unnecessary, and the trial court went to great lengths to limit the scope of the inquiry to that single proposition, admonishing the parties that *no* issue regarding the best interests of the child would be considered unless and until Mother's consent was found unnecessary. Under these circumstances, we find no issue touching on the best interests of B.N.D. as to require appointed counsel for B.N.D.

¶ 17 The order of the trial court denying Appellants' application to adopt without consent of B.N.D.'s natural Mother is therefore AFFIRMED.

BUETTNER, J., concurs.

HANSEN, P.J., concurs in result.