2000 OK CIV APP 94

**In the Matter of A.N.K., a minor child.**

**Elmer Kidwell, Appellant,**

v.

**Steven Dale Verser and Karen Wendy Verser, Appellees**

**No. 93799.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 12, 2000.

Rehearing Denied June 9, 2000.

Albert J. Hoch, Jr., Jeffrey S. Coe, Oklahoma City, Oklahoma, for Appellant,

April Chasteen, David K. Ratcliff, Chickasha, Oklahoma, for Appellees,

Sam C. (Van) Bingaman, III, Chickasha, Oklahoma, for minor child.

## OPINION

HANSEN, V.C.J.:

¶ 1 Appellees, Steven Dale Verser and Karen Wendy Verser, filed an Amended Petition for Adoption Without Consent and Termination of Parental Rights, seeking to adopt the minor child, A.N.K. without the consent of the biological mother and the biological father, Appellant, Elmer Kidwell. In the Amended Petition, Appellees alleged, pursuant to *10 O.S.1991 § 7505–4.2G*, that Appellant, Elmer Kidwell, had wilfully failed, refused or neglected to contribute to the support of the minor child and that he had wilfully abandoned the minor child.

¶ 2 The trial court denied Appellant's motion for a jury trial. Appellant then filed an Application to Assume Original Jurisdiction and Petition for Writ of Mandamus. The Supreme Court denied Appellant's application. In a non-jury trial, the trial court granted Appellee's Petition for Adoption Without Consent and terminated Appellant's parental rights. Appellant appeals.

¶ 3 Appellant argues the trial court erred in terminating his rights without granting his motion for a jury trial. He generally contends *10 O.S.1998 Supp. § 7505–4.1G.* is unconstitutional. That section provides: "A proceeding pursuant to this section for determination of necessity of parental consent or for termination of parental rights shall be heard by the court without a jury."

¶ 4 Analysis of this contention necessitates a perusal of several statutes. Originally, a statute generally dealing with State-based termination of parental rights, *10 O.S.1991 § 1130*, added subsection D which provided that "A parent or guardian of a child may petition the court to terminate the parental rights of a parent or the parents of a child for any of the grounds listed in paragraphs 1, 2, or 5 of subsection A of this section. A prior finding by a court that a child is delinquent, deprived or in need of supervision shall not be required for the filing of such petition by the parent or guardian." This subsection created an avenue for private termination of parental rights in non-State based proceedings. This statute was subsequently amended and renumbered under the Children's Code, *10 O.S.1997 Supp. § 7006–1.1 C.*, to provide: "The provisions of this section shall not apply to adoption proceedings and actions to terminate parental rights which do not involve a petition for deprived status of the child. Such proceedings and actions shall be governed by the Oklahoma Adoption Code."

¶ 5 The Adoption Code addresses the right to a trial by jury in two separate sections. Section 7505–2.1 deals strictly with termination of parental rights of a putative father where a mother has permanently relinquished a child born out of wedlock. Subsection H of this section provides for a non-jury trial.[1] Section 7505–4.1A further provides for adoption without the consent of a biological parent and refers us to § 7505–4.2 to ascertain under what circumstances a parent's consent is not required. Section 7505–4.2 does not provide for termination of parental rights, except as to a putative father. In fact, subsection C addresses the two in the disjunctive: either permission to adopt the child without the consent of a parent *or* termination of rights of a *putative* father.

¶ 6 In *Merrell v. Merrell,* 1985 OK 107, 712 P.2d 35, the Supreme Court held that adjudi-

---

1. In the present case, there is no claim Appellant is a "putative" father.

cation in a proceeding declaring a child eligible for adoption without the father's consent did not sever the parent-child relationship between the parties and, hence, did not terminate the father's parental rights and responsibilities, particularly his support obligation to the child. Since the decision in *Merrell,* a parent's duty to support a child has become statutory and that duty remains in effect until a final decree of adoption has been entered (*10 O.S.1999 Supp. § 7505-4.1(L)(2).* Nevertheless, in *Merrell,* the Supreme Court clarified its holding in *Wade v. Brown,* 1973 OK 137, 516 P.2d 526, wherein the Court held an affected parent had the right to contest his right, or loss thereof, to consent to the adoption at the adoption hearing itself. Because the decree of adoption itself would terminate the parental rights, the hearing on eligibility coupled with the entry of the decree of adoption following the hearing would have the effect of terminating parental rights. However, the *Merrell* Court pointed out that *Wade* does not stand for the proposition that a declaration of eligibility itself effects a termination of parental rights. The Supreme Court further pointed out that *10 O.S.1984 Supp. § 60.16* (now *10 O.S.1999 Supp. § 7505-6.5(A)* and (B)) provides it is the final decree which established the new parent/child relationships and terminates the old. "The adoption statutes contemplate the substitution of one set of providers for another, rather than the termination of one set of obligations and rights at one time and the implementation of a second set at a subsequent date."

¶ 7 A close reading of all subsections of 7505-4.1 convinces us that subsection G, used by Appellee to support the trial court's ruling, does not allow a jury trial in either termination of parental rights of a putative father or in a determination that a child is eligible for adoption without a parent's consent. Neither of these sections addresses termination of a biological parent's rights in conjunction with a finding a child is eligible for adoption without a parent's consent.

█ ¶ 8 Because § 7505-4.1G does not deal with termination of parental rights of other than a putative father, we need not find it to be unconstitutional. Statutes should be construed whenever possible so as to uphold their constitutionality. *Kimery v. Public Service Co. of Oklahoma,* 1980 OK 187, 622 P.2d 1066. The trial court's combining its order finding the child to be eligible for adoption without consent of Appellant along with the termination of his parental rights is error.

█ ¶ 9 Therefore, because § 1130 no longer provides for private termination of parental rights other than through the Adoption Code, we VACATE that portion of the order terminating Appellant's rights but AFFIRM that portion of the order finding the child to be eligible for adoption without Appellant's consent. This finding does not require a jury trial.

¶ 10 AFFIRMED IN PART, VACATED IN PART.

¶ 11 ADAMS, J., and JOPLIN, J., concur.