2001 OK CIV APP 113

STATE of Oklahoma, ex rel., DEPART-
MENT OF HUMAN SERVICES, O.B.O
Crystal M. Sage, a minor child, by Mary
E. Sage, mother, Plaintiffs,

Robert Routt and Marcia Routt,
Intervenors/Appellants,

v.

David STANSBURY, Defendant/Appellee.

No. 94,969.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Aug. 17, 2001.

Donelle H. Ratheal, Oklahoma City, OK,
for Appellants.

Stephen A. Fletcher, Norman, OK, for Ap-
pellee.

## OPINION

CARL B. JONES, Judge:

¶1 Appellants, Robert and Marcia Routt (Routts), appeal the vacation of their temporary guardianship of Crystal Sage (Crystal) and the award of Crystal's custody to Appellee, David Stansbury (Stansbury). Stansbury and Mary Sage are the natural parents of Crystal, born November 19, 1993. Mary Sage did not notify Stansbury that she was pregnant until after delivery of the child. Paternity was judicially determined in 1994 and Stansbury paid child support until June of 1998. Mary Sage married Robert Routt, Jr. in 1995 and the couple subsequently divorced in 1999. In 1998, Mary Sage approached the Routts, her in-laws, regarding temporary guardianship of Crystal due to the marital strife and Mary Sage's inability to care for Crystal during this time. The Routts agreed and formal proceedings initiated. No notice of the temporary guardianship proceedings was given to Stansbury.

¶2 On July 28, 1999, Stansbury filed a motion to modify custody to obtain custody of Crystal. Additionally, Stansbury filed a motion in the guardianship matter to be appointed the guardian of Crystal. The probate court denied the motion but held the guardianship matter in abeyance pending the custody case. The Routts intervened in the custody case. A hearing was held and the trial court found Stansbury had satisfied the "parental opportunity" test, he was a fit parent, and awarded custody of the child to Stansbury. The Routts appeal.

¶3 The issues on appeal are: 1) whether the trial court erred in finding Stansbury had satisfied the "parental opportunity interest" test; 2) whether the trial court abused its discretion when it declined to appoint a guardian ad litem for Crystal; 3) whether the trial court's finding that Stansbury was a fit parent was unsupported by the evidence presented; 4) and whether the Routts' were denied due process rights by the exclusion of evidence regarding notice to Stansbury in the guardianship proceeding. Oklahoma case law provides a parent is entitled to custody of his child unless found unfit. The best interests of the child are presumed to be with the natural parents in the absence of clear and convincing evidence to the con-

trary. Natural parents will not be deprived of custody simply because another family might be able to provide more amenities and opportunities for the child. *Matter of Guardianship of M.R.S.*, 1998 OK 38, 960 P.2d 357, 361.

¶4 The Routts argue the trial court erred in finding Stansbury had exercised his parental opportunity interest because Stansbury's parental opportunity interest was extinguished when Stansbury did not invoke these rights through enforcement of his visitation rights and stopped paying child support when the Routts were appointed temporary guardians of Crystal. We disagree with the Routts' analysis that a determination must be made regarding whether Stansbury's parental opportunity must be seized before Stansbury is entitled to pursue a motion to obtain custody of his child. Here, Stansbury has been adjudicated through a paternity action as the father of this child and ordered to provide child support which he did until the Routts were appointed temporary guardians. The parental opportunity interest test has only been utilized in cases where a party desiring to adopt a child attempts to terminate a putative parent's right without notice. *White v. Adoption of Baby Boy D.*, 2000 OK 44, 10 P.3d 212; *In re Baby Boy W.*, 1999 OK 74, 988 P.2d 1270. The parental opportunity interest test is inapplicable to this proceeding.

¶5 The Routts contend the trial court erred in not appointing a guardian ad litem for Crystal. Pursuant to 10 O.S. Supp.1998 24, a trial court may appoint counsel for a child where it is apparent to the trial court there is a conflict of interest between a parent or legal guardian and the minor child. The Oklahoma Supreme Court has interpreted this provision to be discretionary except in proceedings where termination of parental rights is being determined and in those proceedings the trial court must appoint counsel for the minor child. *Matter of Adoption of B.R.B.*, 1995 OK 121, 905 P.2d 807, 810. Here, the Motion to Appoint Guardian Ad Litem does not contain any assertion there is a conflict of interest between the parties and the minor child. Further, the record does not contain any oral argument asserting such a conflict. As this matter is not a termi-

nation proceeding, we find the trial court did not abuse its discretion in denying the Routts' motion for appointment of a guardian ad litem.

¶ 6 The Routts contend Stansbury is an unfit parent and the greater weight of the evidence does not support the trial court's finding to the contrary. We do not agree. The Routts rely upon testimony of a DHS caseworker who testified Stansbury was overly concerned that Crystal may have been sexually abused. As a result of this single telephone conversation with Stansbury, the caseworker believed Crystal may be at risk for sexual abuse from Stansbury. The caseworker never documented this belief or followed up with an interview with Stansbury. In fact, the caseworker never met with Stansbury for an interview other than the single telephone conversation. The other expert testimony the Routts rely upon is Crystal's counselor who testified she did not believe it was in the best interests of the child to be placed with Stansbury. Once again, the counselor had never met with Stansbury. Additionally, the counselor admitted the Routts did not like Stansbury and their attitude may be influencing Crystal's behavior due to their comments and the videotaping of every difficult meeting between Stansbury and Crystal.

¶ 7 Stansbury's witnesses testified that Stansbury had the ability to care for Crystal both financially and emotionally. Stansbury built an additional room onto his parents' home so Crystal would have her own bedroom. Further, Stansbury's employer testified on his behalf regarding his character and his concern for his child. "Unfitness" has been defined by the Oklahoma Supreme Court to require a showing of a condition in life, or character and habits, which inhibit providing for the child's ordinary comfort and contentment or for the child's intellectual and moral development. The showing must be a positive fact and not a comparative fact. A mere showing that the child might be better cared for by a third person is not sufficient to deprive a natural parent of his right to custody of his child. *Matter of Guardianship of M.R.S., supra.* We find the evidence supports the trial court's finding the guardians failed to meet their burden of proof that the father was unfit.

¶ 8 The Routts' final assertion of error is the trial court had narrowed the issues to whether Stansbury had invoked his parental opportunity interest and whether he was unfit. However, Stansbury raised the issue of notice during the hearing. The Routts assert they were precluded by the trial court's narrowing of the issues to address this issue at trial. Consequently, they assert they were denied an opportunity to be heard in violation of their due process rights. At the hearing, the guardian petition was introduced by Stansbury without an objection from the Routts. Further, when Mrs. Routt was cross-examined by Stansbury's attorney regarding the provisions of the petition and specifically about the lack of notice being given to Stansbury, no objection was made to the introduction of this evidence. We note all of the parties involved in the guardianship proceeding testified at this hearing. We have reviewed the entire transcript and find no objection to the introduction of this evidence. The first time the issue is raised is in the Routt's brief on appeal. Matters not first presented to the trial court for resolution are generally not considered on appeal and are deemed waived. *Stonecipher v. District Court,* 1998 OK 122, 970 P.2d 182, 186. We find this issue has been waived by the Routts. Accordingly, the trial court's decision is affirmed.

¶ 9 Stansbury's request for attorney fees on appeal is denied.

¶ 10 AFFIRMED.

¶ 11 ADAMS, P.J., and JOPLIN, J., concur.